*Gideon v. Wainwright*, 372 U.S. 335 (1963). Although the trial court ultimately withdrew consideration of the prior conviction, *id.* at 113, the Supreme Court reversed Burgett's conviction, holding that "[t]he admission of a prior criminal conviction which is constitutionally infirm under the standards of *Gideon v. Wainwright* is inherently prejudicial." *Burgett*, 389 U.S. at 115.

Steverson cannot distinguish his case from *Lewis* on the basis of *Burgett*. The *Lewis* Court specifically addressed its prior holding in *Burgett*, stating that "[u]se of an uncounseled felony conviction as the basis for imposing a civil firearms disability, enforceable by a criminal sanction, is not inconsistent with *Burgett* . . . ." *Lewis*, 445 U.S. at 67. The *Lewis* Court reasoned that in *Burgett*, the subsequent conviction "depended upon the reliability of a past uncounseled conviction," whereas "federal gun laws . . . focus not on reliability, but on the mere fact of conviction." *Id.*; *see also Kahoe*, 134 F.3d at 1232-33. Thus, *Burgett* is of no assistance to Steverson.

### III.  CONCLUSION

We AFFIRM the judgment of the district court and reject Steverson's ineffective assistance claim to the extent that it is based upon counsel's failure to object to the introduction of Steverson's state felony convictions. We DISMISS Steverson's further claim of ineffective assistance of counsel for the reasons discussed above.[4]

---

[4] We note that if Steverson were to succeed in having his 1981 convictions invalidated in a state court or § 2254 proceeding, he might be able to attack his ACCA sentence enhancement -- but not his underlying § 922(g)(1) conviction -- in a § 2255 petition. *See Custis*, 511 U.S. at 497; *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999), *cert. denied*, 120 S. Ct. 1255 (2000).

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2000 FED App. 0303P (6th Cir.)
File Name:  00a0303p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
 *Plaintiff-Appellee,*

 *v.*                                            No. 99-5586

HOWARD HERMAN
STEVERSON,
 *Defendant-Appellant.*

---

Appeal from the United States District Court
for the Middle District of Tennessee at Columbia.
No. 98-00009—Thomas A. Higgins, District Judge.

Argued:  June 27, 2000

Decided and Filed:  September 7, 2000

Before:  KENNEDY, NORRIS, and COLE, Circuit Judges.

---

### COUNSEL

**ARGUED:**  Jerry C. Colley, COLLEY & COLLEY, Columbia, Tennessee, for Appellant.  S. Delk Kennedy, Jr., ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee.  **ON BRIEF:**  Jerry C. Colley, COLLEY & COLLEY, Columbia, Tennessee, for Appellant.

S. Delk Kennedy, Jr., ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee.

_____

## OPINION
_____

R. GUY COLE, JR., Circuit Judge. Defendant-Appellant Howard Herman Steverson appeals his conviction on three counts of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We affirm in part, but decline to address the entirety of Steverson's claim at this time, for the reasons discussed below.

## I. BACKGROUND

In 1981, Steverson pleaded guilty in Tennessee state court to three counts of robbery with a deadly weapon. In conjunction with his plea, Steverson signed a waiver-of-rights form, which detailed numerous rights that Steverson waived by pleading guilty, and stated that the plea was "the exercise of [his] own free will and choice." The waiver, however, did not explicitly state that Steverson was waiving his Fifth Amendment right against self-incrimination. Before accepting Steverson's plea, the state trial judge asked Steverson several questions designed to determine that the plea was knowing and voluntary, but did not explicitly ensure that Steverson was aware that he was waiving his right against self-incrimination.

Seventeen years later, in 1998, government agents investigating criminal activity in Columbia, Tennessee, engaged in court-ordered electronic surveillance of the barber shop Steverson owned. During the surveillance, agents intercepted a phone call in which Steverson told Kathleen Booker, the sister of his girlfriend at the time, that he was going to bring some guns to her house. Steverson then drove to his home, took the guns from his garage, and brought them to Booker's residence. Shortly thereafter, government agents

U.S.C. § 922(g)(1),[3] and the rule of *Lewis* applies to predicate convictions for purposes of § 922(g)(1). *See United States v. Kahoe*, 134 F.3d 1230, 1235 (4th Cir. 1998) (applying *Lewis* and holding that § 2255 petitioner was not entitled to relief even though predicate conviction was vacated after his § 922(g)(1) conviction); *see also United States v. Baker*, 197 F.3d 211, 217 (6th Cir. 1999), *cert. denied*, 120 S. Ct. 1262 (2000) (applying *Lewis* in holding that alleged due process infirmity of predicate for conviction under § 922(g)(8) would not invalidate conviction); *United States v. Maggard*, 573 F.2d 926 (6th Cir. 1978) (pre-*Lewis* case holding that defendant being tried under § 1202(a)(1) may not litigate at federal trial his claim that predicate state felony conviction was constitutionally invalid). Thus, any objection to the introduction of the records of Steverson's prior felony convictions on the basis that they were obtained in violation of Steverson's constitutional rights would have failed, and trial counsel's failure to object to them on that basis was not deficient.

In his reply brief, Steverson concedes that the government may introduce evidence of his status as a convicted felon, but argues that it may not introduce facially invalid convictions themselves. In making this argument, Steverson relies on *Burgett v. State of Texas*, 389 U.S. 109 (1967). In that case, the state, while prosecuting Burgett for "'assault with malice aforethought with intent to murder; repetition of offense,'"*id.* at 110, offered into evidence a record of Burgett's prior conviction. *Id.* at 111-13. Defense counsel objected because it appeared from the record that the prior conviction had been obtained in the absence of counsel, in violation of Burgett's Sixth Amendment right to counsel. *Id.* at 112; *see also*

_____

[3]*See also Custis v. United States*, 511 U.S. 485, 492 (1994) (describing § 1202(a)(1) as "one of the predecessors to the current felon-in-possession-of-a-firearm statute"). Further, an earlier (and somewhat different) version of § 922(g)(1) was enacted contemporaneously with § 1202 as part of the Omnibus Crime Control and Safe Streets Act of 1968. *See Lewis*, 445 U.S. at 919-20; *cf. United States v. Morgan*, 216 F.3d 557, 564 (6th Cir. 2000).

been excluded and the government would have been unable to prove its case.[2]

In order to establish a claim of ineffective assistance of counsel, a criminal defendant must show first that his trial counsel's performance was deficient, and second, that the deficient performance prejudiced his defense to the point that he was deprived of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Steverson cannot meet even the first prong of this test, because the inaction of which he complains -- counsel's failure to object to introduction of evidence of Steverson's prior convictions -- evidences no deficiency at all.

As the government points out, proof of a defendant's prior felony convictions is admissible for purposes of proving a § 922(g)(1) violation, even if the prior convictions are constitutionally deficient. In *Lewis v. United States*, the Supreme Court addressed the question of whether a prior state felony conviction that was subject to collateral attack on the basis that it was obtained in the complete absence of defense counsel could serve as a predicate offense for a violation of 18 U.S.C.A. App. § 1202(a)(1) (1985 ed.). 445 U.S. 55, 56 (1980). The statute at issue in *Lewis* prohibited any person who had been convicted by a federal or state court from receiving, possessing, or transporting in commerce a firearm. *See id.* at 56 n.1. The Court held that the statute "prohibit[ed] a felon from possessing a firearm despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds." *Id.* at 65. The statute at issue in *Lewis* was highly analogous to § 922(g)(1), *compare id.* at 56 n.1 (quoting language of 18 U.S.C.A. App. § 1202(a)) *with* 18

---

[2]The parties dispute whether this court's decision in *Flippins v. United States*, 808 F.2d 16 (6th Cir. 1987), stands for the proposition that a defense attorney's failure to investigate prior convictions in a "felon in possession of a firearm" case fails to constitute ineffective assistance of counsel. The point is moot here because, as discussed, *infra*, whether or not defense counsel had investigated Steverson's prior convictions, he could not have successfully objected to their introduction into evidence.

acting on a state search warrant found and seized four guns from Booker's house that she indicated Steverson had brought there.

On June 3, 1998, the government filed an indictment charging Steverson with three counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). After his arrest, Steverson pleaded guilty but later withdrew his plea. Prior to trial, Steverson moved to suppress the firearms seized from Booker's house. He also sought to suppress statements he had made to government investigators, which included a confession to the firearms charges. The court denied the motion to suppress the firearms, and found the motion to suppress statements to be moot after the government gave notice that it did not intend to use Steverson's statements in its case in chief. The government did not concede that Steverson's confession was improperly taken.

Steverson was tried by a jury. Without objection from defense counsel, government witness Faye Claud, an employee of the Tennessee Department of Corrections, testified to Steverson's felony record. *See* 18 U.S.C. § 922(g)(1). In addition, the government introduced State of Tennessee records that detailed Steverson's 1981 convictions. Defense counsel did not object to the introduction of the records, and acknowledged that he had received them in pre-trial discovery. For his part, Steverson's counsel attempted to pursue a strategy of jury nullification. Apparently in pursuit of that strategy, defense counsel put on a government agent through whom he introduced evidence of Steverson's confession to possession of the firearms.

In January 1999, the jury convicted Steverson on all three counts of being a felon in possession of a firearm. On January 29, 1999, Steverson moved to continue the sentencing hearing. On the same day, he filed a habeas corpus petition, pursuant to 28 U.S.C. § 2254, attacking the state convictions. In the motion to continue sentencing, defense counsel asked the court to postpone sentencing until

Steverson's § 2254 petition was resolved, arguing that he had "just obtained" copies of plea documents from Steverson's 1981 convictions, and that the documents indicated that Steverson had pleaded guilty without being aware that he was waiving his right against self-incrimination. *See Boykin v. Alabama*, 395 U.S. 238, 243 (1969) (holding that a court may not presume waiver of right against self-incrimination, right to trial by jury, and right to confront one's accusers from a "silent record" of a case in which a criminal defendant pleaded guilty). Defense counsel claimed that he did not know at the time of trial that the 1981 records were invalid, and accepted blame for failing to explore the issue when he received the records in discovery. The court continued the matter for sixty days.

The court conducted Steverson's sentencing hearing in April 1999.[1] At the hearing, neither Steverson nor the government objected to the presentence investigation report (PSI), which noted that Steverson was subject to the enhanced penalty provisions of 18 U.S.C. § 924(e), but did not make a recommendation as to the length of Steverson's sentence. The court sentenced Steverson to 180 months' imprisonment, to be followed by three years' supervised release. Steverson filed a timely notice of appeal.

## II. DISCUSSION

On appeal, Steverson argues that his trial counsel was ineffective for two reasons. First, Steverson claims that counsel was ineffective in failing to object to the government's introduction into evidence of his three 1981 state convictions. Second, Steverson claims that counsel was ineffective in introducing evidence of Steverson's confession. We generally will not review an ineffective assistance of counsel claim raised by a defendant for the first time on direct appeal. *See United States v. Hill*, 142 F.3d 305, 308 (6th Cir.), *cert. denied*, 525 U.S. 898 (1998). Rather, "[s]uch

---

[1] The status of Steverson's § 2254 petition is unclear from the record before us.

claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 before the district court in which the parties can develop an adequate record on the issue." *Id.* (quotation and citation omitted). There is a limited exception to this rule in cases in which the record is "adequate to assess the merits of the defendant's allegations." *Id.* We decline to address at this time Steverson's claim of ineffectiveness arising from the introduction of his confession. *See id.* The record is adequate, however, for us to assess Steverson's claim of ineffectiveness based on the admission of his three 1981 state felony convictions, and we dispose of it here.

Section 922(g)(1) makes it a unlawful for any person:

who has been convicted in any court of [] a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g). A defendant who is convicted under § 922(g) and who has three prior convictions as defined under § 922(g)(1) faces a minimum sentence of fifteen years pursuant to the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e)(1).

In attacking his trial attorney's failure to challenge the government's proof of his prior felony convictions, Steverson argues that the three predicate state felony convictions upon which the government relied were constitutionally invalid under *Boykin*. Steverson then argues that despite receiving information regarding the constitutional inadequacies of his state convictions prior to trial, his attorney neither moved to exclude the evidence nor objected to it. But for trial counsel's actions, Steverson claims, the prior convictions would have