**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dennis D. MCLAIN, Defendant–**
**Appellant.**

No. 00–1875.

United States Court of Appeals,
Sixth Circuit.

May 16, 2001.

Before JONES, SILER, and GILMAN, Circuit Judges.

Dennis D. McLain, a federal prisoner proceeding pro se, appeals a district court order denying his motion for a new trial filed pursuant to Fed.R.Crim.P. 33. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, a jury convicted McLain and his co-defendant (Smigiel) of conspiracy, mail fraud, theft from a pension fund, and money laundering. McLain was sentenced to a total of 97 months in prison. While his direct criminal appeal was pending. McLain moved for a new trial on the basis of newly discovered evidence. The district court declined to rule on the motion until this court affirmed McLain's convictions. *United States v. Smigiel,* Nos. 97–1571/1577, 1999 WL 196575 (6th Cir. Mar.29, 1999) (unpublished), but thereafter denied the motion.

In his timely appeal, McLain reasserts his argument, newly argues that the government withheld *Brady* material during criminal proceedings, and also contends that the district court erred by not holding an evidentiary hearing. McLain moves for miscellaneous relief.

As noted above, McLain argues for the first time on appeal that the government withheld *Brady* material during criminal proceedings. This court normally will not address an issue not first raised in the district court unless exceptional circumstances are present. *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 261 (6th Cir.1996). No exceptional circumstances exist in this case.

As the basis for his Rule 33 motion, McLain asserted that he had new evidence that the prosecution's star witness (Egan) had committed perjury. At trial, the prosecution introduced into evidence a letter ("Exhibit 27"), signed by McLain and Smigiel, authorizing a wire transfer of $3,060.000 from a pension fund bank account at Michigan National Bank (MNB) to an account at Comerica Bank. Egan testified that McLain and Smigiel signed the letter in his office on February 15, 1994. and that he hand delivered the letter to MNB. However, Exhibit 27 bore a fax header indicating that it had been faxed from Egan's office at 9 A.M. on February 15. McLain now contends that his work records from a radio station show that he was on the air between 6 A.M. and 9 A.M. that day. Thus, McLain argues that he could not have been at Egan's office to sign the letter before it was faxed. Furthermore, the fax header purportedly shows that Egan did not hand deliver Exhibit 27 to the bank. McLain alleges that he discovered the actual letter Egan took to the bank during currently pending civil litigation concerning the pension fund.

■■■ This court reviews the denial of a Rule 33 motion for an abuse of discretion. *United States v. Braggs,* 23 F.3d 1047, 1050 (6th Cir.1994). Rule 33 motions based upon newly discovered evidence are disfavored. *United States v. Hawkins,* 969 F.2d 169, 175 (6th Cir.1992). The defendant bears the burden of demonstrating the need for a new trial, and such motions will be granted only sparingly. *United States v. Seago,* 930 F.2d 482, 488

(6th Cir.1991). A motion for a new trial based upon newly discovered evidence should be granted only where: 1) the new evidence was discovered after trial; 2) the evidence could not have been discovered earlier with due diligence; 3) the evidence is material; and 4) the evidence would likely produce an acquittal. *Braggs,* 23 F.3d at 1050.

The district court did not abuse its discretion by denying McLain's Rule 33 motion. McLain failed to submit any new evidence which could not have been discovered earlier with due diligence. Exhibit 27 was not discovered after trial, McLain's work records would have been easily discoverable prior to trial, and the fax header on Exhibit 27 would suggest to a reasonable person that an original copy existed. McLain did not allege that he had unsuccessfully sought to acquire the original before trial.

Finally, we conclude that the district court did not abuse its discretion by failing to hold an evidentiary hearing before denying McLain's motion for a new trial. *See United States v. O'Dell,* 805 F.2d 637, 643 (6th Cir.1986).

Accordingly, all pending motions are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.