**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jade FARLEY, Defendant–Appellant.**

No. 00–5499.

United States Court of Appeals,
Sixth Circuit.

Aug. 9, 2001.

Before SILER and GILMAN, Circuit Judges; GIBBONS, District Judge.*

PER CURIAM.

Defendant Jade Farley pleaded guilty to a conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846. In calculating her sentence, the district court assessed criminal history points for a prior state misdemeanor conviction and denied her request for a "safety valve" sentence reduction pursuant to USSG § 5C1.2. Farley contends that she should not have been assessed criminal history points for her prior state conviction and, accordingly, that the district court erred by denying her a "safety valve" sentence reduction. We vacate and remand for resentencing.

## I. Background

The district court held a sentencing hearing for Farley, at which she objected to the assessment of criminal history points in her Presentence Investigation Report ("Report"). The Report assessed three criminal history points for a prior misdemeanor conviction in Tennessee state

* The Honorable Julia Smith Gibbons, United States District Judge for the Western District of Tennessee, sitting by designation.

court, "selling alcohol to minors," and the fact that she committed her methamphetamine offense while serving a probationary sentence for that conviction. At her sentencing hearing, Farley attempted to collaterally attack her state misdemeanor conviction. She contended that, because she was not represented by counsel when she was convicted of "selling alcohol to minors," the conviction was invalid and could not be used to enhance her federal sentence. Furthermore, she argued that she was eligible for a two-point reduction pursuant to the "safety valve" provision, USSG § 5C1.2. The district court held that Farley's conviction for "selling alcohol to minors" had not been overturned and, accordingly, assessed criminal history points for that conviction. Thus, Farley was assessed a total of three criminal history points.

The district court sentenced Farley to 42 months imprisonment. After filing her notice of appeal, she obtained a Tennessee state court order that overturned her misdemeanor conviction for "selling alcohol to minors." The order was filed as a supplement to the record, but it was never placed into the appendix before this court.

## II. Discussion

Farley contends that the district court erred in using her prior misdemeanor conviction to enhance her sentence and, as a result, erred in concluding that she was ineligible for a "safety valve" adjustment pursuant to § 5C1.2. The district court did not err.

### a) Collateral Attack

█ A district court's finding that a defendant is precluded from collaterally attacking a prior conviction during a federal sentencing hearing is a conclusion of law that we review de novo. *See United States v. Bonds,* 48 F.3d 184, 186–87 (6th Cir.1995).

█ In *Custis v. United States,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), the Supreme Court held that, at her federal sentencing hearing, a defendant may not collaterally challenge a prior conviction used to enhance her sentence, unless she did not have access to counsel when that prior conviction was obtained. *See id.* at 493–96. Furthermore, the Court has limited collateral review of uncounseled misdemeanor convictions. *Nichols v. United States,* 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), established "the rule that uncounseled misdemeanor convictions are properly included when determining a defendant's criminal history category only if the convictions did not result in sentences of imprisonment." *United States v. Logan,* 250 F.3d 350, 377 (6th Cir.2001) (citing *Nichols,* 511 U.S. at 746–47). Suspended sentences are not sentences of imprisonment. *See, e.g., United States v. Smith,* 56 F.3d 66, No. 94–5627, 1995 WL 314892, at *1–2 (6th Cir.1995) (unpublished) (quoting USSG § 4A1.2(b): "[i]f part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended"; USSG § 4A1.2(b), cmt. n. 2: "[t]o qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence"). If a defendant knowingly and intelligently waived his or her right to counsel in conjunction with a prior conviction, that conviction is not considered "uncounseled" and does not give rise to the *Custis* exception. *See Logan,* 250 F.3d at 377.

█ Where, pursuant to *Custis* and *Nichols,* a defendant could not challenge a prior misdemeanor conviction at her sentencing hearing, the defendant, on direct appeal, cannot challenge the district court's use of that prior conviction to enhance her sentence. Instead, the defen-

dant must attack her state conviction in the state courts. Once a defendant successfully attacks a prior state conviction in state court, "he may then apply [in a federal habeas petition] for reopening of any federal sentence enhanced by the state" conviction. *Custis,* 511 U.S. at 497; *United States v. Steverson,* 230 F.3d 221, 226 n. 4 (6th Cir.2000).

At her sentencing hearing, Farley could not collaterally attack her prior state conviction for "selling alcohol to minors." She formally waived her right to counsel in conjunction with that conviction, suggesting that collateral attack of that conviction was precluded. And, even if her misdemeanor conviction was "uncounseled," the fact that it did not result in any sentence of imprisonment means that, pursuant to *Nichols,* the district court did not err in using that conviction to enhance her sentence. Farley received a six month suspended sentence for the conviction, and a suspended sentence is not a sentence of imprisonment.

### b) Safety Valve

■ A district court's determination as to whether a defendant meets the requirements of the "safety valve" provision, USSG § 5C1.2, is a factual finding that we review for clear error. *United States v. Adu,* 82 F.3d 119, 124 (6th Cir.1996). In relevant part, § 5C1.2 reads:

> In the case of an offense under 21 U.S.C. § 841 . . . § 846 . . . , the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth verbatim below: (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines . . . .

Because Farley's prior misdemeanor conviction was not open to collateral attack, the district court did not commit clear error by determining that she was ineligible for a § 5C1.2 adjustment. At the time that it sentenced Farley, the court stated that "the present state of the record is that Ms. Farley in fact does have a conviction as recorded in the [Report]. That conviction has not been overturned by any higher court at this point." Accordingly, the district court assessed one criminal history point for her "selling alcohol to minors" conviction and two criminal history points because she committed her methamphetamine offense while on probation for that conviction. Thus, she had three criminal history points, which rendered her ineligible for a sentence adjustment pursuant to § 5C1.2(1).

### III. Conclusion

■ The district court did not err based on the record before it. Nevertheless, we VACATE Farley's sentence and REMAND for further resentencing in light of the invalidated state conviction, rather than requiring her to proceed under 28 U.S.C. § 2255. *See United States v. Cox,* 245 F.3d 126, 131 (2d Cir.2001) (remanding for resentencing and supplementation of record to include dismissal of state conviction rather than requiring a 28 U.S.C. § 2255 motion). On remand, the district court, having previously sentenced Farley below the statutory minimum pursuant to the government's § 5K1.1 motion, can consider whether the § 5C1.2 adjustment applies and, if it does, whether the adjustment should alter the sentence.