NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0256n.06

No. 10-1695

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Mar 07, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF MICHIGAN |
| EUGENE WALTER GEORGE RANTANEN, | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |

Before: COLE and STRANCH, Circuit Judges; CARR, District Judge.[*]

**JANE B. STRANCH, Circuit Judge**. Defendant Eugene Rantanen was convicted of sexual abuse of a minor (sometimes also called "statutory rape") in Indian country pursuant to 18 U.S.C. §§ 2243(a) and 1153 for having sexual intercourse with his then-girlfriend when she was fourteen years old and he was eighteen.[1] Rantanen appeals his conviction and sentence on the grounds that (1) the district court improperly instructed the jury that he had the burden to prove his innocence, (2) statements made in violation of his Fifth Amendment rights were erroneously admitted into evidence, (3) his sentence is procedurally unreasonable because the district court failed to address

---

[*]The Honorable James G. Carr, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

[1]Although the dates of birth for the minors in this case have been redacted from the record, the prosecutor stated during closing arguments that the age differential was about four years and three months. This puts Rantanen just outside the four-year "window" within which a person may engage in a sexual act with a minor without violating the statute. 18 U.S.C. § 2243(a)(2).

his main argument for a downward variance, and (4) the Government failed to disclose *Brady* material. Finding no error, we **AFFIRM** Rantanen's conviction and sentence.

## I. BACKGROUND

On October 28, 2008, Eugene Rantanen was indicted by a federal grand jury on four counts of various sex offenses against S.P., a minor.[2] On September 16, 2009, a Superseding Indictment added a fifth count for sexual abuse of a minor against a different alleged victim, R.G. A two-day trial was held three months later, which focused almost entirely on the allegations in the first four counts relating to S.P. Rantanen's defense to these counts was generally that the alleged sexual acts did not occur and S.P. lied about her age.

The only evidence directly relating to the fifth count was the relatively brief testimony of R.G. herself. On direct examination, R.G. stated that she began dating Rantanen when she was twelve or thirteen, that they first had "consensual" sexual intercourse when she was fourteen, and that they had sexual relations "[l]ike three or four times" in total. On cross examination, she agreed with Rantanen's attorney that she never complained to anyone that Rantanen had "committed any kind of crime against" her, that he never "forced sex" on her, and that she loved him and believed he loved her.[3] Rantanen provided no evidence or argument to refute the elements in the fifth count.[4]

---

[2]The minors in this case are referred to by their initials.

[3]The jury also heard her agree that she does not "feel like [she is] a victim of a crime," although the court sustained a relevance objection after her answer.

[4]Rantanen's counsel was presumably attempting to pursue a "strategy of jury nullification." *United States v. Steverson*, 230 F.3d 221, 223 (6th Cir. 2000); *see United States v. Jones*, 108 F.3d 668, 676 (6th Cir. 1997).

The jury acquitted Rantanen on each of the first four counts but convicted on the fifth. Two jurors wrote letters to the court after their verdict lamenting their "disheartening" and "gut-wrenching" decision to convict in count five but acknowledging their understanding that they had "no choice" to do otherwise under the law.[5] One of the letters urged the court to "afford some leniency" in sentencing. At the sentencing hearing, the district court calculated the Guidelines range to be 57-71 months. The Government and Rantanen advocated upward and downward variances, respectively. After considering these arguments, the district court imposed a sentence at the lower end of this range—57 months' imprisonment—to be followed by ten years of supervised release. Rantanen filed a timely appeal.

Before his appellate brief was filed, Rantanen alleges he was told that R.G. had previously claimed to have been the victim of an unrelated sexual assault but law enforcement authorities deemed her claims to be "false."[6] The prosecutor who handled Rantanen's trial did not provide this information in response to Rantanen's pre-trial request for *Brady* materials and claims to have been ignorant of it at the time, though he was able to locate reports from tribal police and/or the F.B.I. relating to an investigation of R.G.'s allegations. The parties give conflicting accounts of the contents of these reports, which are not in the record.

---

[5]Rantanen's attorney stated during the sentencing hearing that "more than one juror approached [him]" with the same concerns, although it is unclear whether these were different jurors from the ones who wrote the letters, and if so, whether they had any additional feelings about the verdict.

[6]As will be discussed below, the Government disputes the substance of this characterization of the evidence.

## II. DISCUSSION

### A. Jury Instructions

Rantanen first argues that the district court erred in instructing the jury on the applicable burden of proof. During jury instructions, the court stated:

> To find the defendant guilty, every one of you must agree that the defendant has overcome the presumption of innocence that proves his guilt beyond a reasonable doubt—with evidence that proves his guilt beyond a reasonable doubt.

After the jury retired to deliberate, the prosecutor told the judge that the word "defendant" had been substituted in place of the word "government" before the phrase "has overcome the presumption." Rantanen's attorney declined the judge's offer to bring the jury back into the courtroom for the correct sentence to be read, stating "I think they got the message by that time." Before taking a recess, the judge stated: "[W]e will send the sanitized version of the jury charge back" to the jury along with the exhibits.

Because Rantanen did not object to the jury instruction—and "indeed, he acquiesced in it"— we review for plain error. *United States v. Cleaves*, 299 F.3d 564, 567 (6th Cir. 2002). "An instruction is not plainly erroneous unless there was an egregious error, one that directly leads to a miscarriage of justice." *United States v. Daniels*, 653 F.3d 399, 409 (6th Cir. 2011) (quoting *United States v. Yang*, 281 F.3d 534, 551 (6th Cir. 2002)). "A judgment may be reversed based upon an improper jury instruction only if the instructions, viewed as a whole, were confusing, misleading, or prejudicial." *United States v. Ross*, 502 F.3d 521, 527 (6th Cir. 2007) (quoting *United States v. Harrod*, 168 F.3d 887, 892 (6th Cir. 1999)) (internal quotation marks omitted).

On its face, the jury instruction at issue may appear to violate the "clearly establish[ed]" principal that, "[i]n a criminal trial, the State must prove every element of the offense." *Joseph v.*

4

*Coyle*, 469 F.3d 441, 464 (6th Cir. 2006) (quoting *Middleton v. McNeil*, 541 U.S. 433, 437 (2004)). However, it seems clear to us—as it did to Rantanen's trial attorney—that, in the context of all the instructions, the jury would have interpreted the statement as merely a "slip of the tongue." This Court has found that a similarly mistaken instruction—that the defendant, rather than the government, has the burden to "convince you beyond a reasonable doubt"—did not result in plain error for two reasons. *United States v. Edwards*, 215 F. App'x 417, 421 (6th Cir. 2007). "First, the district court correctly stated the government's burden of proof in the written instructions provided to the jury." *Id.*; *see also United States v. Jones*, 468 F.3d 704, 710 (10th Cir. 2006) (joining five other circuits in holding "slip-of-the-tongue" errors to be either harmless or not plain when coupled with correct written instructions).[7]  Second, "the court repeatedly stated the government's burden correctly during its preliminary instructions to the jury and its final charge to the jury." *Edwards*, 215 F. App'x at 421; *see also O'Neal v. Morris*, 3 F.3d 143, 146-47 (6th Cir.1993), *vacated on other grounds sub nom.*, *O'Neal v. McAninch*, 513 U.S. 432 (1995). Here, the correct burden was articulated, among other places, in the very next sentence:  "To find the defendant not guilty, every one of you must agree that *the government* has failed to convince you beyond a reasonable doubt." (Emphasis added). Moreover, the court's misstatement was clearly a "complete *non sequitur*" because a defendant obviously would have no desire to overcome the presumption of innocence to prove his own guilt. *United States v. Ancheta*, 38 F.3d 1114, 1117 (9th Cir. 1994). In light of these considerations, we hold that the mistaken sentence at issue here did not amount to plain error.

---

[7]We do not reach the question of whether the correct written instructions alone would have been sufficient to preclude reversible error. *See United States v. Ancheta*, 38 F.3d 1114, 1117 (9th Cir. 1994) (observing that "often oral instructions are used to cure typographical and other errors in written instructions").

**B.**    *Miranda* **Violation**

Rantanen urges this Court to grant him a new trial on the basis that the Government violated his Fifth Amendment rights by introducing at trial statements he made in custody without receiving the proper warnings. *See Miranda v. Arizona*, 384 U.S. 436, 471-72 (1966). Rantanen concedes that he did not object to the introduction of these statements at trial or move to suppress them prior to trial but suggests that we can still review this claim for plain error. However, Federal Rule of Criminal Procedure 12 "provides that a party waives the ability to bring a motion to suppress by failing to file a motion before the pretrial motion deadline." *United States v. Walden*, 625 F.3d 961, 967 (6th Cir. 2010) (citing Fed. R. Crim. P. 12(b)(3), (e)). Although Rule 12(e) allows courts to grant relief from waiver for "good cause," we have held that even plain error review is precluded when "a defendant completely fails to file a pretrial motion to suppress evidence." *United States v. Jordan*, 544 F.3d 656, 666 (6th Cir. 2008); *Walden*, 625 F.3d at 967.[8]

Though Rantanen may pursue this claim through a collateral appeal by arguing that his attorney was ineffective for failing to raise a timely motion to suppress, *Walden*, 625 F.3d at 967 (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003); 28 U.S.C. § 2255), it is precluded from review here.

**C.    Procedural Reasonableness**

Rantanen argues his sentence is procedurally unreasonable because the district court failed to specifically address his arguments that he deserved a lower sentence because he and R.G. were "dating and in love" and because she did not consider herself a "victim." "It is well established that,

---

[8]This Court has sometimes referred to this as a "jurisdictional" bar. *United States v. Collier*, 246 F. App'x 321, 336 & n.5 (6th Cir. 2007); *e.g.*, *Jordan*, 544 F.3d at 666. The result is the same regardless of whether this term is applied.

as part of its sentencing procedure, a court must consider all non-frivolous arguments in support of a lower sentence." *United States v. Gunter*, 620 F.3d 642, 645-46 (6th Cir. 2010) (citing *United States v. Blackwell*, 459 F.3d 739, 774 (6th Cir. 2006)). In reviewing this procedure, this Court looks to the entirety of the sentencing proceedings to determine whether we are satisfied that the district court fulfilled its obligation to "conduct a meaningful sentencing hearing and truly consider the defendant's arguments." *Id.* at 647. "We are to focus less on what the transcript reveals that the court said and more on what the transcript reveals that the court did." *Id.* Because Rantanen did not object at the sentencing hearing, he concedes that his claim will be reviewed for plain error. *See id.* at 645.

After reviewing the record, we are satisfied that the sentencing judge "has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." *United States v. Chiolo*, 643 F.3d 177, 184 (6th Cir. 2011) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). Further, the matter at issue—Rantanen's relationship with R.G.—was addressed by the court. After Rantanen raised it at the sentencing hearing and mentioned the jury's unhappiness with their obligation to convict on the fifth count, the court responded, "In other words, the jury followed the law? . . . That's what they are supposed to do." Moreover, Rantanen's arguments were addressed when the court provided the following reasoning for its sentence:

> I think there is one view that, you know, the defendant here is just a young kid who is out sewing his wild oats. That happens all of the time at the . . . [Indian] reservation and other places, and there is another that he . . . is a predator who is wanting to satisfy his sexual desires at all costs, no matter what the age or condition of the partner. . . . Those two obviously cannot be reconciled, although . . . it is probably some of both, at least that's the safest conclusion that I can reach here, and that's the best I can do with it. . . .

7

The government wants an upward variance. The defense wants a lower variance. I think that the Court is going to basically set his sentence at the low end of the guidelines, because I think that's probably about right. I don't think that . . . we should pile upon him. At the same time, I don't think we need to—or should be giving him any breaks at this point.

Because we conclude Rantanen's arguments were addressed, we need not consider the Government's suggestion that matters of the victim's consent and perceived harm are *per se* frivolous as a matter of law in a statutory rape case. *But see* 18 U.S.C. § 3553(a)(1) (providing that sentencing judge must consider "the nature and circumstances of the offense").

**D.** *Brady* **Violation**

Rantanen's final issue on appeal is that his constitutional right to due process was violated when the Government failed to disclose exculpatory evidence. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). This evidence apparently consists of reports generated by tribal police and/or the FBI indicating that the victim in count five had previously filed sexual assault allegations unrelated to this case which were investigated but did not result in criminal charges. Rantanen learned about the allegations from a friend while incarcerated following his conviction. The prosecutor in charge of Rantanen's case claims to have been ignorant of the investigation until Rantanen's attorney asked him about it during the pendency of this appeal, at which time he was able to locate the records.

Because of the time at which he discovered the existence of this information, Rantanen raises his *Brady* claim for the first time on appeal. "This court normally will not address an issue not first raised in the district court unless exceptional circumstances are present." *United States v. McLain*, 9 F. App'x 463, 464 (6th Cir. 2001) (citing *Enertech Elec., Inc. v. Mahoning Cnty. Comm'rs*, 85

F.3d 257, 261 (6th Cir. 1996)).  As both parties recognize, such circumstances do not exist here.[9]

The record does not contain the reports themselves and the parties disagree about exactly what is contained therein:  Rantanen submits that the reports demonstrate that the tribal police and F.B.I. "investigated her allegations and concluded that they were false" whereas the Government submits the reports "did not involve a finding that [the victim in count five] was lying or fabricating what she described."  *Cf. United States v. Neeley*, 308 F. App'x 870, 880 (6th Cir. 2009) (deciding to consider *Brady* issue on direct appeal when content of material was undisputed and no further factual development was required).  Accordingly, Rantanen's *Brady* claim is best raised in the first instance in the district court in a collateral appeal pursuant to 28 U.S.C. § 2255.

### III.  CONCLUSION

For the reasons provided above, Rantanen's conviction and sentence are **AFFIRMED**.

---

[9]Rantanen states that he is merely presenting this claim on direct appeal "in order to avoid a claim that the issue has been waived or forfeited."