RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 10a0354p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

No. 08-5641

JIMMY L. WALDEN, JR.,

        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Greeneville.
No. 07-00054-001—J. Ronnie Greer, District Judge.

Argued:  October 20, 2010

Decided and Filed:  November 17, 2010

Before:  MARTIN and McKEAGUE, Circuit Judges; LUDINGTON, District Judge.[*]

_____

## COUNSEL

**ARGUED:**  Marcia G. Shein, LAW OFFICE OF MARCIA G. SHEIN, P.C., Decatur, Georgia, for Appellant.  Debra A. Breneman, ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellee.  **ON BRIEF:**  Marcia G. Shein, LAW OFFICE OF MARCIA G. SHEIN, P.C., Decatur, Georgia, for Appellant.  Caryn L. Hebets, ASSISTANT UNITED STATES ATTORNEY, Johnson City, Tennessee, for Appellee.  Jimmy L. Walden, Jr., pro se.

---

[*]The Honorable Thomas L. Ludington, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

---

**OPINION**

---

BOYCE F. MARTIN, JR., Circuit Judge.  A jury convicted Jimmy Walden of four counts of possession with the intent to distribute narcotics.  Although Walden had initially pleaded guilty, the district court allowed him to withdraw his guilty plea and proceed to trial.  Walden now primarily appeals the district court's refusal to consider an untimely motion to suppress made after he withdrew his plea.  We **AFFIRM**.

**I.**

Working with a confidential informant, agents from the Tennessee Bureau of Investigation together with members of the Morristown, Tennessee police department began investigating Walden's involvement in illegal narcotics sales.  After observing and recording a controlled buy of three ounces of crack cocaine from Walden, law enforcement officers attempted to arrange another controlled buy.  In preparation, agents began surveillance on Walden and observed him stop at a residence at 249 Wilmore Drive, White Pine, Tennessee on the way to complete the transaction.[1]  After Walden left the Wilmore Drive residence, a police officer initiated a traffic stop of the pickup truck he was driving because "the window tint was too far down on the window."  While Walden was attempting to produce his license and registration, the officer observed that Walden's billfold contained a plastic bag with a white substance in it.  The subsequent search revealed drugs on Walden's person, as well as over $5,900 in cash.

The agents then procured a warrant to search the Wilmore Drive residence, which tax records have revealed belonged to Walden.  They discovered the house to be completely empty with the exception of a mattress in one of the bedrooms, some food in the kitchen, and an older model Ford Maverick in the basement garage.  Inside the

---

[1]The surveillance team was unable to see whether Walden entered the house.  However, after the traffic stop, Walden's companion in the vehicle told police officers that Walden had gone inside when they stopped at the house.  This information was included in the affidavit submitted with the request for a warrant.

trunk of the Maverick, agents discovered cocaine, crack, approximately two pounds of marijuana, small plastic bags and a heat sealer that is commonly used to package drugs, beakers that are frequently used to cook powder cocaine into crack cocaine, a postal scale, digital scale, and a safe with $21,000 in cash. All told, the trunk of the car contained 171.9 grams (approximately 6.5 ounces) of crack cocaine, 369.5 grams (approximately 12.5 ounces) of powder cocaine, and about two pounds of marijuana.

In a five-count indictment, Walden was charged with violating federal drug laws by knowingly and intentionally possessing cocaine and marijuana with intent to distribute. Walden initially retained P. Richard Talley as counsel to represent him, but Talley subsequently filed a motion to withdraw, which was granted on September 18, 2007. The court determined that Walden was indigent and appointed Tim S. Moore as counsel through the Federal Defender Services. Moore's colleague, Nikki Pierce, was later substituted as Walden's counsel on November 6.

On November 13, the court set the pretrial motions deadline for December 7, and scheduled the trial to begin on January 23, 2008. Also on that day, Pierce filed a motion to withdraw due to a conflict of interest. The court granted Pierce's motion to withdraw on November 15, 2007 and appointed Jerry W. Laughlin to represent Walden.

Laughlin filed two motions on the December 7 deadline and requested an extension to permit him to file additional motions. The court granted his request and extended the motion deadline to December 17. On December 12, Walden signed a plea agreement, which was entered on December 17—the deadline for filing additional pretrial motions. Walden later realized that under the terms of the agreement he would still be subject to a mandatory sentence of life in prison. Not seeing any benefit in pleading guilty, Walden filed a motion to withdraw the plea. The court granted Walden's motion to withdraw the plea but denied Walden's motion to set a new deadline for pretrial motions. Walden then filed a motion to be permitted to file an untimely motion to suppress the evidence found on his person and during the search of the Wilmore Drive residence. That motion was also denied.

A jury found Walden guilty of Counts 2 through 5 of the indictment and not guilty on Count 1. The district court sentenced Walden to thirty years imprisonment for Counts 2 and 4, ten years for Count 5, and, as required by statute, life imprisonment for Count 3.

## II.

Under the Federal Rules of Criminal Procedure, motions to suppress evidence must be raised by pretrial motion before the deadline set by the district court. Fed. R. Crim. P. 12(b)(3)(C), (c). If a party fails to raise a defense or objection that must be made by pretrial motion before the deadline, that defense or objection is waived. Fed. R. Crim. P. 12(e); *see United States v. Kincaide*, 145 F.3d 771, 778 (6th Cir. 1998). The potential harshness of a strict application of this rule is mitigated by a safety valve that allows district courts to grant relief from the waiver for "good cause." Fed. R. Crim. P. 12(e).

This Court reviews a district court's denial of a motion to file an untimely pretrial motion to suppress for abuse of discretion. *United States v. Lewis*, 605 F.3d 395, 401 (6th Cir. 2010). The Supreme Court has recognized that district courts require a great deal of latitude in scheduling trials and, therefore, must be given broad discretion to determine whether to grant continuances. *See Morris v. Slappy*, 461 U.S. 1, 11-12 (1983). Denying even a justified request for a continuance is only a constitutional violation if the denial is based on the district court's unreasoned and arbitrary need for expediency. *See United States v. Crossley*, 224 F.3d 847, 854-55 (6th Cir. 2000). As a result of the district court's discretion, we are generally precluded from reaching the merits of challenges to a district court's ruling on the timeliness of pretrial motions. "Only in a case of the most flagrant abuse will a court of appeals review a trial court's discretionary denial of a motion to suppress as untimely." *United States v. Francis*, 646 F.2d 251, 260 (6th Cir. 1981).

We agree that Walden did not establish good cause for granting relief from the waiver, and find that the district court did not abuse its discretion by denying the motion. Good cause is a flexible standard heavily dependent on the facts of the particular case

as found and weighed by the district court in its equitable discretion. At a minimum, it requires the party seeking a waiver to articulate some legitimate explanation for the failure to timely file. *See, e.g.*, *United States v. Acox*, 595 F.3d 729, 731 (7th Cir. 2010); *see also United States v. Turner*, 602 F.3d 778, 787 (6th Cir. 2010) (affirming a district court's decision that an attorney's failure to file a motion as requested by a defendant is not good cause). Generally, if the failure to timely file occurred as a result of a lawyer's conscious decision not to file a pretrial motion before the deadline, the party seeking a waiver will not be able to establish good cause. *See, e.g.*, *Turner*, 602 F.3d at 787; *United States v. Bloate*, 534 F.3d 893, 901 (8th Cir. 2008) (affirming a district court's finding that a misunderstanding between the defendant and his attorney was not good cause for allowing an untimely pretrial motion); *United States v. Garcia*, 528 F.3d 481, 484-85 (7th Cir. 2008) (affirming a district court's finding that switching lawyers and a desire to see how the court ruled on an earlier motion were not good cause for filing an untimely motion to suppress). Here, Walden has not offered an explanation for why he did not timely file a motion to suppress other than his counsel's belief that it would not be necessary in light of the planned guilty plea. In this case, nothing prohibited counsel from making this motion before the deadline, and counsel stated that he had been "exploring the possibility of filing" a motion to suppress before the deadline. Unlike situations where a defendant is allowed to withdraw a guilty plea because a change in law opened up a new avenue for challenging the admission of evidence, in this case, Walden's arguments appear to be based on precedent existing at the time he entered his plea. Therefore, because Walden deliberately decided not to timely file this motion to suppress, we cannot overturn the district court's conclusion that Walden failed to establish good cause for granting the waiver.

Successfully withdrawing his guilty plea is not, standing alone, good cause for granting Walden relief from the waiver. A defendant may withdraw a guilty plea "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). This rule is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea,

wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *United States v. Ellis*, 470 F.3d 275, 280-81 (6th Cir. 2006) (citing *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)). This Court uses a multi-factor balancing test to determine whether a criminal defendant has demonstrated a fair and just reason for withdrawing his or her plea. *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008). However, these factors generally aim to determine whether the defendant truly intended to plead guilty and bear, at most, a minimal relation to whether he or she has good cause for seeking a waiver and permission to file an untimely motion to suppress. In this case, even though the district court allowed Walden to withdraw his plea, that does not by itself demonstrate good cause for granting a relief from the waiver.

Successfully withdrawing a guilty plea restores a criminal defendant's constitutional protections that otherwise would have been waived, but it does not require that the court restart the clock and give the criminal defendant another opportunity to enforce those rights. A defendant who successfully withdraws his or her guilty plea regains the rights that he or she waived, including the right to challenge the prosecution's use of certain evidence, and is entitled to proceed to trial. However, the deadline for pretrial motions is set by the district court, and the parties' private actions outside of court cannot force the district court to change it. *See, e.g.*, *United States v. Trobee*, 551 F.3d 835, 837 (8th Cir. 2009) (holding that district court did not abuse its discretion by denying an untimely motion to suppress when the defendant was "engaged in extensive plea negotiations" at the time of the pretrial motions deadline). In this case, for example, Walden did not file his plea until the day of the pretrial motion deadline. Had Walden not filed the plea, he would have unquestionably waived his ability to file a motion to suppress. Therefore, although withdrawing his plea entitled Walden to avail himself of the full panoply of Fourth Amendment protections, the withdrawal does not, standing alone, entitle him to an extension on the pretrial motions deadline.

Additionally, it does not seem unreasonable to require defense counsel to simultaneously pursue a motion to suppress while engaging in plea negotiations.

Although we are aware of the demands on defense counsel, it does not appear to be unduly burdensome to prepare pretrial motions, such as a motion to suppress, even if counsel expects the client to plead guilty.

Walden asserts that allowing him to file the suppression motion would not have prejudiced the United States or the district court, and that the interests of justice would have been best served by the district court hearing the motion and deciding it on the merits. However, Rule 12 only allows courts to grant relief from the waiver for "good cause"—not simply in the "interests of justice." *See id.* at 838 ("The absence of prejudice or delay in the trial may be relevant to whether the district court is willing to grant relief, but those factors themselves do not require a finding of 'good cause.'"). Additionally, as the Supreme Court has recognized, district courts are busy and need the freedom to manage their dockets and schedules. *See Morris*, 461 U.S. at 11-12. Without Walden articulating some compelling reason for not filing the motion within the deadline, we cannot conclude that he had good cause for receiving a waiver even if allowing the untimely motion would not have prejudiced the court or the United States.

The substitution of counsel during the time period leading up to the deadline also does not establish good cause for granting Walden relief from the waiver. In this case, although Walden had several different lawyers, the same attorney represented Walden for nearly three weeks before the initial pretrial motion deadline. That attorney filed three motions before the deadline, including a motion seeking an extension of the pretrial motion deadline, which the district court granted. After the deadline had passed, counsel acknowledged that he had been exploring the possibility of filing a suppression motion before the deadline. Therefore, this is not a situation where counsel was substituted on the eve of the deadline without time to adequately prepare the case. Accordingly, the substitution of counsel in this case is not good cause for granting relief.

Moreover, to the extent that Walden is attempting to show good cause based on ineffective assistance of counsel, the record is not adequately developed for us to consider an ineffective assistance claim, and we cannot address that issue at this time. *Cf. United States v. Lopez-Medina*, 461 F.3d 724, 738-39 (6th Cir. 2006) (holding that

ineffective assistance claim was not ripe for review and could not be used to demonstrate good cause for excusing waiver).

Additionally, even if Walden had demonstrated good cause for receiving a waiver, nothing in the record suggests that the district court abused its discretion by denying his motion. Rule 12(e) provides a safety valve that the district court *may* use. Fed. R. Crim. P. 12(e). However, even if Walden had established "good cause," the district court would not have been required to grant the waiver. *Cf. Crossley*, 224 F.3d at 854-55. While the district court appears to have wanted to resolve this matter quickly, the record does not suggest an unreasoned or arbitrary focus on expediency. Therefore, even if Walden had established good cause, the district court did not abuse its discretion in denying his request for a waiver.

## III.

Similarly, Walden cannot now challenge the search of the Wilmore Drive residence for failure to comply with Federal Rule of Criminal Procedure 41. While Federal Rule of Criminal Procedure 52(b) permits review for plain error even if an objection was not raised at trial, it only extends to claims the defendant "forfeited" and does not reach objections that the defendant "waived." Fed. R. Crim. P. 52(b). Walden's attorney did not timely move to suppress any evidence in the district court and failed to raise any grounds for suppression related to Rule 41. Rule 12 provides that a party waives the ability to bring a motion to suppress by failing to file a motion before the pretrial motion deadline. Fed. R. Crim. P. 12(b)(3), (e). Therefore, Walden waived his ability to bring this motion, and the Court cannot review it for plain error under Rule 52.

## IV.

The record as part of this direct review is not sufficiently developed to address Walden's ineffective assistance of counsel claim. Walden argues that his trial counsel rendered ineffective assistance by failing to timely file a motion to suppress any of the evidence seized during the traffic stop or the search of the Wilmore Drive residence.

However, a defendant cannot typically raise claims of ineffective assistance of counsel on direct appeal because the record is not developed for the purpose of litigating an ineffective assistance claim and is often incomplete. *See, e.g.*, *Massaro v. United States*, 538 U.S. 504-05 (2003); *United States v. Lewis*, 605 F.3d 395, 400 (6th Cir. 2010). Because the record is not sufficiently developed, we decline to consider whether counsel was ineffective. Walden may of course, if he chooses, pursue this claim through the more traditional method of a collateral proceeding. *Massaro*, 538 U.S. at 504; *see* 28 U.S.C. § 2255 (2006).

## V.

Although Walden's trial counsel did not move for a judgment of acquittal at trial, Walden now claims that the government's evidence was not sufficient to support his conviction. Because Walden did not make a motion for a judgment of acquittal at the close of evidence, reversal is only appropriate on appeal if a "manifest miscarriage of justice" would result from affirming. *United States v. Frederick*, 406 F.3d 754, 765 (6th Cir. 2005) (internal quotations omitted). "A miscarriage of justice exists only if the record is devoid of evidence pointing to guilt." *United States v. Price*, 134 F.3d 340, 350 (6th Cir. 1998) (internal quotations omitted). Although the evidence in this case does not appear to overwhelmingly establish Walden's guilt, the record is also not "devoid of evidence pointing to guilt." Therefore, in light of counsel's failure to move for a judgment of acquittal at trial, the evidence is sufficient to support Walden's conviction.

## VI.

For the reasons set forth above, we **AFFIRM** Walden's conviction.