**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 17a0090n.06**

**No. 16-1530**

**FILED**
Feb 02, 2017
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JAVIER ORLANDO TRUJILLO-MOLINA | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:     **BATCHELDER, SUTTON, and, KETHLEDGE, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.**  Following an indictment, Javier Trujillo-Molina pled guilty to possessing a firearm while being illegally and unlawfully present in the United States in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2).  In this appeal, he challenges the district court's denial of his untimely motion to dismiss his indictment.  Trujillo-Molina did not establish good cause for his untimeliness, and we find no abuse of discretion here.  We AFFIRM.

I.

In September 2014, Immigrations and Customs Enforcement (ICE) received a tip based on pictures and videos posted on Trujillo-Molina's Facebook page that he possessed firearms. A subsequent investigation revealed that Trujillo-Molina had illegally entered the United States from Mexico in approximately 1997, and that he had applied for and received relief from

removal under the U.S. Citizenship and Immigration Services' Deferred Action for Childhood Arrivals (DACA) program. ICE's Homeland Security Investigations team obtained a warrant to search for firearms in Trujillo-Molina's residence and seized a pistol, a shotgun, and numerous rounds of various-caliber ammunition. A federal grand jury indicted Trujillo-Molina in August 2015.

The district court set a September 21, 2015, deadline for pre-trial motions. One month later, on October 20, 2015, Trujillo-Molina filed two motions. One sought dismissal of the indictment, and the other sought a continuance and a new deadline for filing pretrial motions. In the motion to dismiss, Trujillo-Molina argued that when he allegedly possessed the firearms, he was not an alien unlawfully present in the United States, because his status under DACA meant that he was not illegally or unlawfully in the United States for purposes of 18 U.S.C. § 922(g)(5)(A). He provided no explanation for his delay in filing the motion asserting this claim. But, in his motion for a continuance, he explained that he sought to extend the deadline for pretrial motions in light of "changed circumstances with regard to the prospects of returning to the United States if he were to be deported or obtained a voluntary departure [in simultaneous immigration court proceedings]." He claimed that he did not seek a dismissal earlier because his strategy had been to plead guilty, to remove himself voluntarily from the United States, and to marry a citizen in order to return. Unfortunately, his fiancée "had a change of heart" and no longer plans to marry him. He also asserted that the criminal charge "has resulted in a denial of [his] requested renewal of his employment authorization document and deferred status."

The district court held a hearing at which it denied the motion to dismiss. The court explained that Trujillo-Molina could not show good cause for the delay in filing the motion, so it

declined to entertain the untimely motion pursuant to its authority under Federal Rule of Criminal Procedure 12(c)(3). Citing the Advisory Committee's Notes to the 2014 Amendment to Rule 12, the district court explained that good cause is "a flexible standard that requires consideration of all interests in the particular case." After thoroughly considering the reasons provided by Trujillo-Molina in both motions, the district court found that Trujillo-Molina had not explained why the motion was untimely; he simply referred to his marriage circumstance in his separate continuance motion. Such a change in strategy, the court held, was not good cause for an untimely motion, especially where Trujillo-Molina had known of the facts and theories underlying the motion to dismiss—namely, his DACA status—all along. The thwarted marriage required him to change his strategy, but was not good cause sufficient to allow an untimely motion.

The district court also addressed whether DHS's decision not to renew Trujillo-Molina's DACA status in September 2015 in light of the pending criminal charge could be a potential alternate ground for good cause. Again, Trujillo-Molina referred to this fact in his motion for a continuance, but not in his motion to dismiss. The district court found, however, that this did not demonstrate good cause for the untimeliness of the motion to dismiss, because it "might have been entirely foreseeable with some forethought on the part of the defendant."

Trujillo-Molina pled guilty before a magistrate judge on January 13, 2016, and the district court entered judgment on April 12, 2016. He reserved the right to appeal the denial of his motion to dismiss.

II.

A pretrial motion made pursuant to Federal Rule of Criminal Procedure 12(b)(3) is untimely if filed after a deadline set by the district court pursuant to Rule 12(c)(1). Fed. R. Crim.

P. 12(c)(3).  But a district court may entertain an untimely motion "if the party shows good cause."  *Id.*  "When a party files an untimely motion in the district court, and the district court finds facts to determine whether the late movant has satisfied the good-cause standard, we review that determination for an abuse of discretion."  *United States v. Soto*, 794 F.3d 635, 655 (6th Cir. 2015) (citing *United States v. Walden*, 625 F.3d 961, 967 (6th Cir. 2010)); *see also United States v. Edmond*, 815 F.3d 1032, 1043–44 (6th Cir. 2016).[1]  In general, a "district court abuses its discretion when it relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law."  *Soto*, 794 F.3d at 645 (citation omitted).

Upon "consideration of all interests" in this case, we cannot say that the district court erred when it denied Trujillo-Molina's motion to dismiss the indictment.  Fed. R. Crim. P. 12(c)(3) advisory committee's notes to 2014 amendment.  The district court correctly noted that Rule 12(c)(3) requires a showing of good cause.  We have explained that showing cause "'often requires developing and analyzing facts' to assess whether the defendant can justify the late filing . . . and prejudice."  *Edmond*, 815 F.3d at 1043 (internal quotation marks omitted) (citing *Davis v. United States*, 411 U.S. 233, 244–45 (1973); *Soto*, 794 F.3d at 635), *petition for cert. filed*, (Aug. 4, 2016 U.S.) (16-5461).  "Good cause is a flexible standard heavily dependent on the facts of the particular case as found and weighed by the district court in its equitable

---

[1]  In *United States v. Meda*, 812 F.3d 502, 510 (6th Cir. 2015), a panel of this court applied *Soto* and used a plain error standard of review in a case where the defendant had filed an untimely motion below.  The explanation in *Meda* is missing a key fact, the absence of which can lead to confusion for unwary counsel.  So, for clarity's sake, we address that here.  Meda filed a motion to dismiss the indictment *after* he filed a notice of appeal from the entry of judgment, and the district court declined to hear it on jurisdictional grounds.  In effect, then, Meda raised his claim for the first time in his appellate brief.  Following *Soto*, it was proper for this court to review the claim raised on appeal for plain error.  To reiterate the various standards of review that can apply:  a party who fails to make a timely motion pursuant to Rule 12(b)(3) has not necessarily waived appellate review of the issue he failed to raise, but we will review the issue raised for the first time on appeal for plain error.  *See Soto*, 794 F.3d at 655.  This includes an untimely motion made after the district court no longer has jurisdiction.  *See Meda*, 812 F.3d at 510.  Where, as here, a party makes an untimely motion in the district court, and the district court finds that the party has not shown good cause for the motion's untimeliness, we review for abuse of discretion.  *See Soto*, 794 F.3d at 655.

discretion." *Walden*, 625 F.3d at 965. At a minimum, a party must "articulate some legitimate explanation for the failure to timely file." *Id.*

The district court did not abuse its discretion by finding that Trujillo-Molina could not explain his failure to timely file. Trujillo-Molina has not explained why he waited nearly a month after the district court's deadline to file his motion to dismiss, either in the court below or here. He addressed certain circumstances, including his failed marriage plans and the government's decision not to renew his DACA status. But those are circumstances that affected his litigation strategy, as he explained in his motion for a continuance below. He could have raised the underlying legal issue—whether his status under DACA renders him ineligible for prosecution as an alien illegally and unlawfully present in the United States—before his marriage plans or DACA status changed. These reasons indicate why his litigation strategy did not include this attack on the indictment, but the district court was well within its discretion to determine that such a litigation choice does not demonstrate good cause for delay.

Moreover, the fact that Trujillo-Molina did not provide any detail about his altered marriage plans or the government's decision not to renew his DACA status lends further support to the district court's conclusion. He failed to provide these details even on appeal, giving us no reason to question the district court's conclusions on these points.

Finally, the district court did not abuse its discretion by declining to address fully the merits of Trujillo-Molina's DACA claim after it had determined that he could not show cause for the delay. Good cause is a "flexible standard" requiring an explanation for both the delay *and* the potential prejudice. *See Edmond*, 815 F.3d at 1046. Even if Trujillo-Molina is correct that his deferred status fatally undermined the indicted charge, the district court's determination that he could not explain the delay was sufficient to support the denial of the untimely motion

altogether.  *See Walden*, 625 F.3d at 965.  This is not to say that the district courts need give only cursory treatment to a prejudice analysis or may skip that analysis altogether in future cases.  Indeed, as Rule 12's advisory committee notes indicate, courts must consider "all interests in the particular case."  Fed. R. Crim. P. 12(c)(3) advisory committee's notes to 2014 amendment ("The party seeking relief must show 'good cause' for failure to raise a claim by the deadline, a flexible standard that requires consideration of all interests in the particular case.").  But in this case and on these facts, the district court carefully and properly addressed this motion to dismiss in its full context.  Trujillo-Molina provided no explanation for his delay in filing the motion, merely referenced changed circumstances in a parallel motion for a continuance, and declined to explain fully the relevant facts on appeal.  The district court's declining to address his DACA argument in this context was not error.

For the foregoing reasons, we hold that the district court was well within its discretion to find that these circumstances did not amount to good cause.

### III.

The district court did not abuse its discretion when it denied Trujillo-Molina's untimely motion to dismiss the indictment.  Accordingly, we AFFIRM.