NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0088n.06
Case No. 19-1521

**FILED**
Feb 06, 2020
DEBORAH S. HUNT, Clerk

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| MICHAEL MARCUS DILLARD, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |

Before: MERRITT, CLAY, and GRIFFIN, Circuit Judges.

**MERRITT, Circuit Judge.** Defendant Michael Dillard conspired with others to steal credit cards from mailboxes and use them to purchase merchandise and gift cards. In this direct appeal, defendant attempts to skirt the restrictions in his plea agreement where he agreed to waive any attack on unpreserved objections to his sentence by arguing instead that his counsel was ineffective for failing to object to his sentencing-guideline calculations. Specifically, defendant contends that his counsel was ineffective for failing to raise claims related to defendant's role in the conspiracy, and the amount-of-loss calculation. Raising ineffective-assistance-of-counsel claims on direct appeal is disfavored under our precedent except in extraordinary circumstances not present here. We therefore affirm the judgment of the district court.

**I.**

Defendant, a college student in Michigan at the time of his arrest, was part of a group of seven individuals that stole credit cards from mailboxes and used them to buy merchandise and gift cards. He was arrested on July 17, 2018, and charged with conspiracy, access device fraud, possession of stolen mail, and two counts of aggravated identity theft. Defendant pleaded guilty in a written plea agreement to one count of conspiracy to commit fraud and aggravated identity theft in violation of 18 U.S.C. § 371, specifically admitting to overt acts in furtherance of the conspiracy during June and July of 2018.

Ample evidence of defendant's involvement in the conspiracy is contained in the record, including the following: (1) a search warrant executed on defendant's vehicle turned up stolen mail, a credit card assigned to someone other than defendant, and a gift card; (2) a surveillance tape from a Best Buy store in Ann Arbor on June 5, 2018, showing defendant and a coconspirator, Edward Rolle, buying merchandise. Rolle told law enforcement that they were using stolen credit cards that day; (3) defendant traveled to Detroit with codefendants because he knew where they could sell illegally purchased gift cards and electronics; (4) video evidence that defendant physically removed mail from mailboxes; and (5) defendant possessed a mechanical device called an "embosser" that can imprint names and numbers to create credit or debit cards.

The plea agreement agreed to by defendant waived all rights to direct appeal or collateral attack on his sentence or conviction except in six enumerated instances. The two exceptions relevant to this appeal allow defendant to appeal or seek collateral relief only when "the district court incorrectly determined the Sentencing Guideline range, if the defendant objected at sentencing on that basis," and when "an attorney who represented defendant during the course of this criminal case provided ineffective assistance of counsel." Plea Agreement ¶ 17. In exchange for these

waivers, the government dismissed all but the conspiracy charge against defendant and did not oppose defendant's request for an acceptance-of-responsibility reduction. At his plea hearing, defendant, who was at all times represented by counsel, stated he understood the plea agreement, including the waiver-of-appeal provisions. Plea Hr'g Tr. at 4, 17-18.

After defendant pleaded guilty, a presentence report was prepared. The first draft found defendant responsible for the entire $323,765.60 loss attributed to the conspiracy, which would have resulted in a 12-level increase in his offense level. U.S.S.G. § 2B1.1(b). In response, defendant claimed he was only in the conspiracy from June 6, 2018, to July 16, 2018, while most of the other defendants "were involved for a much longer time." The government conceded it did not know exactly when defendant joined the conspiracy, and agreed that defendant could not be held responsible for the conduct of others that occurred before he joined the conspiracy. *See* U.S.S.G. § 1B1.3, cmt. n.3(B). As a result, the loss amount attributable to defendant was decreased to $242,150.08. Defendant also received a three-level reduction for acceptance of responsibility. The revised presentence report, dated April 15, 2019, reflects a total offense level of 15, and a criminal history category of III, resulting in a guideline range of 24-30 months. Defendant's criminal history category of III was calculated based on multiple infractions when he was 21 for driving without a license or on a suspended license, one marijuana possession charge, and a probation violation for one of the driving infractions when he was arrested for the conduct at issue in this case. Defendant filed no objections to the presentence report.

In addition to not filing any objections to his presentence report, defendant did not object at his sentencing hearing to the scoring of the guidelines. Defendant did, however, file a motion for downward variance pursuant to the 18 U.S.C. § 3553(a) factors, and for a downward departure based on the nature of defendant's criminal history. Specifically, defendant argued that his

criminal history category of III overstated the seriousness of his criminal past because all his criminal history points are for nonviolent and minor violations such as driving infractions and a marijuana possession charge.

At his sentencing hearing, the district court disagreed that a downward departure was warranted, but it took the arguments into consideration for a downward variance under § 3553(a). Sent'g Hr'g Tr. at 7.  The court noted that defendant's conduct was similar to codefendants Edward Rolle and Johnson, who received 12-month sentences, six months below the low end of their guideline ranges of 18-24 months.  The court granted defendant's motion for a downward variance and sentenced him to 18 months in prison, six months below the low end of his guideline range of 24-30 months.  The court noted that the downward variance of six months was the same as that received by similarly situated codefendants Edward Rolle and Johnson, but indicated that defendant's sentence was longer than Rolle's and Johnson's due to defendant's higher criminal history category.  This timely appeal followed.

## II.

To establish a claim for ineffective assistance of counsel, a defendant must show that: (1) his attorney's representation "fell below an objective standard of reasonableness;" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).  "As a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations." *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990) (per curiam).  The typical method for raising such claims is in a post-conviction proceeding under 28 U.S.C. § 2255.  The reasons for the general rule are several: to allow the litigation to more fully develop such that the reviewing court might be able to discern

the distinction between an attorney's calculated risk and a true mistake; to help assure that issues are completely developed before being decided; to avoid putting appellate counsel in the position of relying on trial counsel for assistance while simultaneously arguing he was deficient, or, as happens frequently, arguing that he himself was deficient where defendant is represented by the same counsel at trial and on appeal; and to allow the district court to decide in the first instance the factual and legal issues underlying the ineffective assistance claim. *See United States v. Sypher*, 684 F.3d 622, 626 (6th Cir. 2012); *United States v. Walden*, 625 F.3d 961, 967 (6th Cir. 2010).

Defendant contends that he received ineffective assistance of counsel because his counsel failed to object to the presentence report's amount-of-loss calculation and to the failure of defendant to receive a reduction for a lesser role in the conspiracy. It should first be noted that defendant never indicated any disagreement with his counsel to the court, even when directly asked by the district court judge. Defendant does not contend that his plea was not knowing and voluntary. He stated in open court that he understood his plea agreement and that he was waiving his right to appeal except for specified issues. The record below does not demonstrate any hint of disagreement between defendant and counsel, or reveal anything blatantly troubling or plainly erroneous about counsel's handling of the case indicating that counsel was ineffective.

Without any red flags clearly raised by the record below, questions about counsel's strategy and his interactions with defendant would need to be answered before any determination about counsel's performance could reasonably be made. Because the district court did not address the issue of attorney performance in the first instance, we would be left to speculate on an undeveloped record about the reasons behind counsel's decision-making, including the lack of objection to the presentence report guideline calculations. *See United States v. McCarty*, 628 F.3d 284, 296 (6th

Cir. 2010) (holding that when the appellate record "consists largely of unsubstantiated allegations without affidavits from defense counsel or [the defendant]," it is not adequately developed). Looking briefly at the two arguments defendant raises to support his ineffective-assistance-of-counsel claim, the record on appeal does not demonstrate that what defendant calls mistakes by his counsel were not in fact reasonable, strategic choices, so defendant's claim cannot succeed on direct appeal.

## A. Defendant's Role in the Offense

The two-level "minor participant" adjustment "applies only if the defendant is 'less culpable than most other participants and substantially less culpable than the average participant.'" *United States v. Griffith*, 663 F. App'x 446, 454 (6th Cir. 2016) (quoting *United States v. Lanham*, 617 F.3d 873, 888 (6th Cir. 2010)). Defendant was involved in all aspects of the conspiracy: stealing mail and then using stolen cards to conduct fraudulent transactions. He was actively participating in the conspiracy when he was arrested. This record indicates that he was an "average" participant. By contrast, codefendant Travis Rolle received an enhancement for his role as an organizer, leader, manager or supervisor of others. The only way in which defendant's role could be described as "minor" arises from his argument that he only participated in the conspiracy for less than two months before it was discovered by police. However, defendant did not withdraw from the conspiracy voluntarily. The fraud ring was broken up by law enforcement and its participants arrested in July 2018, otherwise defendant likely would have continued in the conspiracy. This suggests that defendant's role could be considered "average," and we cannot determine that counsel's performance was deficient for failing to argue that defendant should be considered a minor participant in the conspiracy.

- 7 -

### B. <u>Amount-of-Loss Calculation</u>

The initial amount attributed to defendant was the entire $323,765.60 loss associated with the conspiracy. After conceding that it did not know the exact date that defendant joined the conspiracy, the government agreed to lower the amount attributable to defendant to $242,150.08, an estimate of the amount of loss covering the six-week period in June and July 2018 when defendant has conceded he was part of the conspiracy. Based on the government's agreement to lower the amount-of-loss calculation, the current record does not show that it was unreasonable for counsel not to object to the recalculated amount.

The record is silent as to counsel's strategy, but he procured a below-guidelines-range sentence for defendant, rendering defendant's claim that counsel was ineffective unpersuasive on this record. Defendant has wholly failed to offer any argument rebutting the general rule that ineffective-assistance-of-counsel claims should be raised in a post-conviction proceeding rather than on direct appeal. He has not demonstrated that his counsel's representation "fell below an objective standard of reasonableness," and he has not demonstrated that his counsel's "deficient performance" prejudiced him. *Strickland*, 466 U.S. at 687-88. He was treated the same as the other similarly situated defendants as to role in the offense and amount of loss, and his longer sentence was the result of a higher criminal history category than the similarly situated codefendants. While this record cannot support an ineffective-assistance claim on direct appeal, defendant is free to pursue such a claim in post-conviction proceedings, and we express no opinion on the merits of such a claim.

For the foregoing reasons, the judgment of the district court is affirmed.