NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0554n.06

No. 23-3360

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | Dec 03, 2025 |
| | ) | KELLY L. STEPHENS, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| JAMES DAILEY, | ) | |
| Defendant-Appellant. | ) | OPINION |

Before: BATCHELDER, GILMAN, and LARSEN, Circuit Judges.

**ALICE M. BATCHELDER**, **Circuit Judge**. A jury convicted James Dailey on six counts of possessing with intent to distribute, and of possessing, an array of drugs including some of the most dangerous on our streets today. The district court designated Dailey a career offender and imposed a sentence of 327 months at the high end of the Sentencing Guidelines. Dailey appeals, challenging the district court's denial of his motion for a continuance, its failure to provide a limiting instruction addressing the trial testimony of the arresting officer, and its improper designation of him as a career offender. We AFFIRM Dailey's convictions but REMAND the case for resentencing.

**I.**

On February 4, 2021, Cleveland police officers observed suspicious drug activity and attempted to stop the vehicle involved in the activity, but ultimately failed because the vehicle sped away. The next night, the same officers observed the same vehicle at a gas station, surrounded the vehicle, and seized a "smorgasbord" of drugs in plain view, including "the most deadly drugs we

see on our streets today." The officers arrested James Dailey, the driver of the vehicle, who was in a rental car.

Prior to his trial, Dailey cycled through two "experienced attorneys," each of whom filed motions to suppress the drugs discovered inside the vehicle. Both attorneys withdrew from representation due to a "breakdown" in their relationships with Dailey. Some two months prior to the scheduled November 7, 2022, commencement of trial, the district court appointed the Federal Public Defender's Office to represent Dailey. Dailey's new attorney assured the court that he would be prepared for trial. But six weeks later at the final pretrial conference on October 18, Dailey's attorney nevertheless filed a motion to continue the trial, claiming that he needed additional time to test the seized substances and locate a witness. The court denied the motion for several reasons, including that the two previous attorneys had addressed the suppression issue, counsel had adequate time to prepare for trial, and the previous suppression hearing had revealed much of the evidence to Dailey.

At trial, a Drug Enforcement Administration Special Agent, Shaun Moses, testified as an expert concerning the modus operandi of drug traffickers, including their use of drug weights and packaging paraphernalia, currency, and rental cars in drug trafficking. One of the arresting officers, Officer Donnellan, also testified at trial regarding the differences between drug dealers and drug users, the meaning of the term "cut" in reference to substances, rental-car usage in drug trafficking, and typical drug-possession quantities.

The evidence of Dailey's guilt was overwhelming. In addition to cocaine, crack cocaine, heroin, fentanyl, and ANPP pills, Dailey possessed "a trafficking amount of methamphetamine" (77.5 grams). As Agent Moses testified, the variety and number of drugs that Dailey possessed is "indicative of somebody who's selling narcotics." When asked by the arresting officer if "he

2

primarily operated on the west side of Cleveland," Dailey, all but confessing to drug trafficking, answered, "this is where I do what I do." Moreover, Dailey called his girlfriend on a recorded jail telephone line and discussed the types of drugs that he had in the car, asked her to research the threshold amount to qualify as a "major drug offender," and asked if she could erase his seized iPhone using iCloud.

After a two-day trial, a jury convicted Dailey on one count of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841 and § 844 and on five counts of possession of controlled substances, in violation of 21 U.S.C. § 844. The presentence report calculated a total offense level of 30 and a criminal history category of VI, warranting a Guidelines range of 168 to 210 months' imprisonment. The district court, however, designated Dailey as a career offender, finding that in addition to his prior conviction for attempted murder—a clear "crime of violence"—both his prior robbery and aggravated robbery convictions were also crimes of violence. This increased Dailey's Guidelines range to 262 to 327 months' imprisonment. The court, therefore, imposed a high-end-of-the-guidelines sentence of 327 months' imprisonment.

Dailey brings three claims on appeal. First, he claims that the district court's denial of his request for a continuance prejudiced his right to a fair trial. Second, he contends that the district court should have either prohibited what he alleges was expert testimony from Officer Donnellan or issued a limiting instruction addressing it. And third, he disputes his designation as a "career offender."

**II.**

We review for abuse of discretion a district court's denial of a motion for a continuance. *United States v. Hall*, 200 F.3d 962, 964 (6th Cir. 2000). And we generally review a district court's evidentiary rulings for abuse of discretion. *United States v. Cox*, 871 F.3d 479, 486 (6th Cir. 2017).

3

But when a party does not preserve an evidentiary challenge, we review for plain error. *United States v. Wilder*, 87 F.4th 816, 820 (6th Cir. 2023). Even if a defendant shows plain error, a challenge succeeds only if the error affects the defendant's substantial rights. *Id.*

We review de novo a district court's determination that an offense is a "crime of violence" when determining career-offender status. *United States v. Butts*, 40 F.4th 766, 770 (6th Cir. 2022).

**III.**

A. Motion for a continuance

The district court did not abuse its discretion in denying Dailey's continuance request. District courts have "broad discretion" in scheduling trials and determining whether to grant a continuance. *United States v. Walden*, 625 F.3d 961, 964 (6th Cir. 2016). Indeed, denying even a justified request for a continuance is an abuse of discretion only if the denial is based on the court's "unreasoned and arbitrary" need for expediency. *Id.* Accordingly, a district court's denial of a continuance "rarely" amounts to reversible error. *Landrum v. Mitchell*, 625 F.3d 905, 927 (6th Cir. 2010). And to succeed in one of those rare cases, the defendant must show "actual prejudice" resulting from the denial. *Id.* This is not one of those rare cases.

The district court provided an extensive and reasoned justification for its denial. Each of Dailey's previous attorneys had already addressed the suppression issue; the suppression hearing revealed to Dailey's new attorney much of the evidence in the case; there had already been significant delay in the trial; it was "not very difficult to try this case" because "the evidence is clear"; and it would "not [be] a long trial." The district court's reasoning for its denial encompassed many of the reasons that we have found to justify denying a continuance request in prior cases. *See, e.g., United States v. Faulkner*, 538 F.2d 724, 730 (6th Cir. 1976) (justifying denial in part because the case was "relatively uncomplicated); *United States v. Cordell*, 924 F.2d 614, 617 (6th

Cir. 1991) (justifying denial in part because counsel "presumably had access to the fruits" of previous counsel's preparation efforts (citation omitted)). Accordingly, we defer to the district court's determination that two weeks from the pretrial conference (in addition to the previous six weeks) "was more than adequate time" for Dailey's attorney to prepare for trial. *See Cordell*, 924 F.2d at 617 (finding sufficient "at least fourteen days to prepare").

Moreover, denying the continuance did not prejudice Dailey. After Dailey cycled through two experienced attorneys, his third attorney still had over two months from the time of his appointment until the trial. Dailey's third attorney assured the court that he would be prepared for trial. His performance at trial confirmed his preparedness. Although Dailey asserts that he had inadequate time to review discovery, Dailey saw "much of the government's evidence" in the case via the suppression hearing. Nothing that Dailey presented to the district court or in his brief here provides any support for his claim that the witness he sought to locate would have been relevant to or assisted his defense. *See Landrum*, 625 F.3d at 927-28. Furthermore, even if, as Dailey asserts, his continuance request was "reasonable," denying a "justified" continuance request amounts to a constitutional violation only if it is based on an "unreasoned and arbitrary need for expediency." *Walden*, 625 F.3d at 964. That was not the case here. The district court did not abuse its discretion in denying Dailey's continuance request.

B. Officer Donnellan's testimony

Lay witness testimony in the form of opinion must (1) be based on the witness's perception; (2) be helpful in determining a fact at issue; and (3) not be based on technical or specialized knowledge. Fed. R. Evid. 701. Put differently, a lay opinion must derive from reasoning "familiar to the average person in everyday life." *United States v. Kilpatrick*, 798 F.3d 365, 385 (6th Cir. 2015) (citation omitted). Conversely, an expert witness may provide expert testimony if he is

5

qualified as an expert based on his knowledge, skill, experience, training, or education. Fed. R. Evid. 702. As applied to the police context, a testifying officer must be qualified as an expert under Rule 702 when giving opinions that derive from the officer's specialized experience or training as an officer. *Kilpatrick*, 798 F.3d at 384. And "[c]ourts have overwhelmingly found police officers' expert testimony admissible where it will aid the jury's understanding of an area, such as drug dealing, not within the experience of the average juror." *United States v. Lopez-Medina*, 461 F.3d 724, 742 (6th Cir. 2006) (citation omitted). That said, in accordance with Rule 701, an officer can also testify as a layperson from the officer's firsthand knowledge of a particular investigation. *Kilpatrick*, 798 F.3d at 379.

Dailey's argument appears to be that the district court should have either prevented Officer Donnellan's testimony, which Dailey alleges impermissibly crossed into expert testimony, or issued a cautionary jury instruction. But Dailey failed to object at trial to Officer Donnellan's testimony, so to clear the plain-error hurdle, Dailey must also show that any evidentiary error affected his substantial rights. This he cannot do.

First, the evidence against Dailey was overwhelming irrespective of Officer Donnellan's testimony. Second, even if the district court erred in failing to provide a jury instruction addressing Donnellan's testimony, Special Agent Moses testified as a qualified expert and independently offered generally the same (expanded) substantive testimony provided by Donnellan. Accordingly, Dailey's contention—unsupported by the record—that the "jury relied on Donnellan to find [him] guilty" must fail. Because Dailey cannot show prejudice from any error in the district court's admission of Donnellan's testimony or failure to instruct the jury, he cannot show plain error.

C.  Career offender designation

The Sentencing Guidelines recommend longer prison sentences for criminal defendants who are "career offenders." U.S.S.G. § 4B1.1. To be designated a career offender, a defendant must have at least two prior felony "crime[s] of violence." *Id.* at § 4B1.1(a). Dailey does not dispute that his previous attempted-murder conviction is a "crime of violence." The district court also designated Dailey's robbery and aggravated-robbery convictions as crimes of violence. But, as the United States concedes, this court's precedent establishes that because the *Shephard* documents for these two convictions do not specify a qualifying predicate offense, neither of those convictions is a crime of violence for enhancement purposes. *United States v. Ivy*, 93 F.4th 937, 943 (6th Cir. 2024) (applying the modified categorical approach and finding that aggravated robbery is not a crime of violence where the *Shephard* documents do not specify a qualifying predicate offense); *United States v. Cervenak*, 135 F.4th 311, 323-24, 332 (6th Cir. 2025) (en banc) (explaining that Ohio robbery does not qualify as a "crime of violence" under U.S.S.G. § 4B1.1 where the *Shephard* documents do not specify a qualifying predicate offense that involves the misappropriation of property). Because the district court improperly classified Dailey as a career offender based on his prior robbery convictions, we vacate Dailey's sentence and remand for resentencing.

**IV.**

For the foregoing reasons, we AFFIRM Dailey's convictions but vacate his sentence and REMAND for resentencing.