NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0050n.06

No. 25-5056

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | Jan 26, 2026 |
| | ) | KELLY L. STEPHENS, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| VONNIE MCDANIELS, | ) | |
| Defendant-Appellant. | ) | OPINION |

Before: CLAY, KETHLEDGE, and BUSH, Circuit Judges.

**JOHN K. BUSH, Circuit Judge**. Through an elaborate forgery scheme, Vonnie McDaniels stole nearly $250,000 from three federal COVID relief programs. He did so by using computer software to falsify leases, bank statements, tax documents, and legal documents. After falsifying the documents, he would assume the identity of his tenants by using their IDs and forging their signatures on the falsified legal documents. Then, he would file applications for COVID relief with the fake documents and assumed identities.

Upon discovery of the fraud, the grand jury indicted McDaniels on fourteen counts: counts I through IV charged McDaniels with wire fraud; counts V and VI with aggravated identity theft; counts VII through XII with using the proceeds of the wire fraud to engage in monetary transactions; and counts XIII and XIV with violating the terms of supervised release.

McDaniels was previously convicted of mortgage fraud, and the Government moved to admit from that case various documents that he had falsified with computer software. The district court overruled McDaniels's objection to admitting that evidence, and the parties presented their

cases in chief. After fewer than 90 minutes of deliberations, the jury convicted McDaniels on all fourteen counts.

At the sentencing hearing, the district court said McDaniels's offense level was 22, and his criminal history score was II, excluding Counts V and VI, which carry a mandatory minimum sentence, and XIII and XIV, which were supervised release violations. That made the Guidelines range 46 to 57 months for Counts I through IV and VII through XII.

The district court sentenced McDaniels to 96 months in prison: 46 months for counts I through IV and VII–XII, to run concurrently; 24 months each for counts V and VI, to run consecutively; and one month each on counts XIII and XIV, to run consecutively. The district court also imposed three years of supervised release for all counts. This timely appeal followed.

McDaniels first argues that the district court should not have admitted the evidence from the prior fraud case. At most, that was harmless error. When a defendant raises an evidentiary challenge, we must affirm if we are convinced "by a preponderance of the evidence that the claimed error did not affect the verdict." *United States v. Agrawal*, 97 F.4th 421, 429 (6th Cir.), *cert. denied*, 145 S. Ct. 258 (2024) (quotation marks omitted). In other words, we must "ask whether the trial record provides a fair assurance that the alleged error did not substantially sway the verdict." *Id.* (cleaned up).

At trial, "the government [] introduced document after document after document showing the defendant's false statements." R. 94, Transcript, PageID 1057. Those documents included fake leases, fake rental assistance applications, fake loan applications, fake tax documents, and even fake articles of incorporation. None of that evidence came from the prior mortgage fraud case, and it was more than enough for the jury to convict. Moreover, the mortgage fraud case was

barely mentioned at trial or in closing arguments. Under these circumstances, the evidence from the mortgage fraud case did not affect the jury's verdict.

McDaniels also argues that he should have been granted leave to file a belated motion to dismiss the indictment. But the district court did not abuse its discretion in concluding that McDaniels failed to establish good cause under Fed. R. Crim. P. 12(c)(3). *See United States v. Burrell*, 114 F.4th 537, 547–48 (6th Cir. 2024). "Good cause is a flexible standard heavily dependent on the facts of the particular case as found and weighed by the district court in its equitable discretion." *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010). The defendant usually cannot establish good cause in our circuit when "the failure to timely file occurred as a result of a lawyer's conscious decision not to file a pretrial motion before the deadline." *Id.*

McDaniels failed to establish good cause. He asserts that he "express[ed] dissatisfaction with" his original lawyer "because she would not file several motions he wanted, including a motion to dismiss for vindictive prosecution." Appellant's Br. at 31. He also claims that his original defense lawyer "did not believe there was a potentially meritorious motion for vindictive prosecution." *Id.* at 32. In other words, McDaniels's first lawyer made the conscious decision not to file the motion to dismiss for vindictive prosecution. McDaniels thus failed to demonstrate good cause for filing a belated motion to dismiss.

Finally, McDaniels asserts that the district court erred in applying a sophisticated means sentencing enhancement. But our de novo review has not revealed a basis for reversing.[1] The Guidelines instruct the district courts to increase the defendant's base offense level by two points

---

[1] Some of our case law suggests that we should review this issue only for clear error, but since McDaniels loses under any standard of review, we will assume that de novo is the correct standard of review. *See United States v. Chappelle*, 78 F.4th 854, 862 (6th Cir. 2023).

when "the offense otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting the sophisticated means." U.S.S.G. § 2B1.1(b)(10)(C).

Our court and several others have determined that a defendant uses sophisticated means when he repeatedly steals a victim's identity and uses forged documents to further the fraud. *E.g. United States v. Vysniauskas*, 593 F. App'x 518, 531–32 (6th Cir. 2015); *United States v. Norwood*, 774 F.3d 476, 480 (8th Cir. 2014) (per curiam); *United States v. Allan*, 513 F.3d 712, 716 (7th Cir. 2008). And in *United States v. Freitekh*, the Fourth Circuit held the defendant used a sophisticated means to further the fraud when he used "fake payroll summaries and tax documents" to obtain COVID relief funds. 114 F.4th 292, 301 (4th Cir. 2024).

That is what McDaniels did here. He altered lease documents, bank statements, and government documents while pretending to be his tenants to steal from federal COVID relief programs. So McDaniels used a sophisticated means to further the fraud. The district court therefore correctly applied the sophisticated means enhancement.

Seeing no error in the district court's rulings, we **AFFIRM**.