# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3053

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Nebraska. |
| Pedro Salgado-Campos, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: January 9, 2006
Filed: March 31, 2006

_____

Before WOLLMAN, JOHN R. GIBSON, and ARNOLD, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Pedro Salgado-Campos pled guilty and was convicted of possessing with intent to distribute between 100 and 1,000 kilograms of marijuana and possession of a firearm in furtherance of a drug trafficking offense. On appeal he argues that the district court[1] abused its discretion by denying his request to extend the time for filing pretrial motions. Finding no such abuse, we affirm.

_____

[1]The Hon. Joseph F. Bataillon, United States District Judge for the District of Nebraska.

On November 20, 2003, a federal grand jury indicted Salgado-Campos for possession with intent to distribute between 100 and 1,000 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1) and with possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). On December 1, 2003, he appeared with appointed counsel before a magistrate judge and pled not guilty to both counts. The magistrate set December 22, 2003 as the deadline for filing pretrial motions.

After the deadline had expired and appointed counsel had filed no pretrial motions, Salgado-Campos retained private counsel. His newly-retained counsel entered an appearance on January 25, 2004. Shortly thereafter, on February 4, 2004 counsel filed a motion requesting a continuance, which the magistrate judge granted. On March 2, 2004, he requested a second continuance, which the magistrate judge also granted, setting the case for trial on April 12, 2004.

On March 21, 2004, counsel for Salgado-Campos filed a motion requesting an extension of time in which to file pretrial motions. Counsel cited his recent retention and his desire to file a motion to suppress certain incriminating evidence as grounds for the motion. The magistrate judge denied the motion, concluding that Salgado-Campos had failed to show good cause to justify an extension. Salgado-Campos appealed the denial to the district court. See Fed. R. Civ. P. 72(a).

At a hearing on the appeal before the district court, counsel argued that an extension was warranted because by the time he had been retained, had an opportunity to review the police reports in the case, and realized that there was "a very serious question" regarding the seizure of the incriminating evidence, the deadline for filing pretrial motions had already passed. The district court rejected this argument and affirmed the magistrate judge's order.

Shortly thereafter, Salgado-Campos entered into a plea agreement with the government and pled guilty to both counts of the indictment. The district court sentenced him to 60 months' imprisonment on each count to run consecutively and ordered him to pay a special assessment. This appeal followed.

Under Rule 12(c) of the Federal Rules of Criminal Procedure, a court may set a deadline for the filing of pretrial motions. If a party fails to file a pretrial motion before that deadline, the party waives that issue. See Fed. R. Crim. P. 12(e). However, the district court has the discretion to excuse the waiver upon a showing of good cause for the delay. Id. We will reverse a decision declining to consider an untimely pretrial motion only for an abuse of that discretion. United States v. Casares-Cardenas, 14 F.3d 1283, 1285-86 (8th Cir.1994) (citing United States v. Garrett, 961 F.2d 743, 748 (8th Cir. 1992)).

There is no doubt that the motion to suppress that Salgado-Campos wished to file was untimely. The deadline for filing pretrial motions was December 22, 2003. Substitute counsel made his request for an extension of time in which to file pretrial motions nearly three months after this deadline had expired and nearly two months after he entered his initial appearance. Thus, under Rule 12(e), he had waived the suppression issue.

Salgado-Campos's only explanation for this untimeliness is that counsel's request for an extension came "as soon as he might have been expected to have been apprised of the substantial issues for suppression in the case." For legal support he relies upon United States v. Chavez, 902 F.2d 259 (4th Cir. 1990). There, the Fourth Circuit concluded that the denial of an untimely suppression motion may constitute an abuse of discretion where the delay was the result of the government's failure to disclose information pertinent to the motion until after the pretrial motion deadline had expired. Id. at 262-64.

3

Salgado-Campos's reliance on <u>Chavez</u> is misplaced. Unlike the defendant in <u>Chavez</u>, Salgado-Campos makes no showing that the government failed to disclose pertinent information until after the deadline had already passed. Indeed, Salgado-Campos fails to identify any discovery materials that were not made available to substitute counsel either at the time he entered his initial appearance or in the months that followed. In short, unlike the defendant in <u>Chavez</u>, Salgado-Campos fails to demonstrate that his tardiness was not due to "negligence, oversight, or laziness." <u>See</u> <u>id.</u> at 263-64.

Because Salgado-Campos fails to show good cause justifying his delay, the district court was well within its discretion to deny his request for an extension of time in which to file pretrial motions. <u>See</u> <u>Garrett</u>, 961 F.2d at 748. The judgment of the district court is affirmed.

_____

4