# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3200

_____

United States of America,

        Appellee,

    v.

Adam Trobee,

        Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of South Dakota.
\*
\*
\*

_____

Submitted: April 15, 2008
Filed: January 12, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Adam Trobee pled guilty to one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B). The district court[1] sentenced Trobee to 120 months' imprisonment, to be served consecutive to a 24-month sentence for violating conditions of supervised release arising from a previous judgment. Trobee appeals the district court's denial of his motion to suppress evidence and the court's decision to impose consecutive sentences. We affirm.

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

I.

On March 11, 2002, Trobee was sentenced to 33 months' imprisonment and three years' supervised release after pleading guilty to possession of child pornography in a prior federal case. He was released from prison on December 6, 2003, and commenced a period of supervised release.

Trobee violated his conditions of supervised release by accessing the Internet. The district court revoked his term of supervised release, and his computer was examined. The examiners found over 200 images of child pornography.

A grand jury then charged Trobee with possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2256(8)(A). The new case was assigned to Chief Judge Schreier. In a scheduling order, she set a deadline of February 21, 2007, for filing motions to suppress, a tentative hearing on March 7, 2007, for any motions to suppress, and a deadline of April 3, 2007, for filing "other motions." (R. Doc. 15, at 1). Trobee did not file a motion to suppress before February 21, and on March 12, 2007, the case was reassigned to Judge Battey. On April 16, Judge Battey granted Trobee's motion to continue the trial. He further directed that all applications for writs of habeas corpus *ad testificandum* be filed by June 5, and that all "other motions" be filed by June 12. (R. Doc. 20, at 1).

Trobee filed a motion to suppress on May 30, 2007. The district court refused to consider the motion, concluding that Trobee filed the motion three months after the February 21 deadline, and that Trobee had made "no attempt to show good cause why his motion [was] untimely." (R. Doc 24, at 2). Trobee asked the court to reconsider, suggesting that difficult plea negotiations should excuse the tardy filing. The court denied Trobee's motion to reconsider, because "[t]he fact that defense counsel was engaged in such negotiations did not absolve him of the obligation to obey the Court's Scheduling Order." (R. Doc. No. 28, at 2). Trobee then entered a conditional plea of

guilty, reserving the right to appeal the district court's decision on the motion to suppress. *See* Fed. R. Crim. P. 11(a)(2).

Because of his prior conviction, Trobee was subject to a statutory minimum sentence of 120 months' imprisonment. 18 U.S.C. § 2252A(b)(2). The record shows that but for the statutory minimum, Trobee's advisory guideline range would have been 78 to 97 months' imprisonment, based on a total offense level of 26 and a criminal history category of III. (PSR ¶ 65). The district court sentenced Trobee to the mandatory minimum of 120 months' imprisonment, to be served consecutive to Trobee's 24-month sentence for violating the conditions of his supervised release.

## II.

We review the district court's refusal to consider Trobee's motion to suppress for abuse of discretion. *United States v. Salgado-Campos*, 442 F.3d 684, 686 (8th Cir. 2006). Trobee first asserts that his motion was timely because Judge Battey's June 12 deadline for "other motions" did not distinguish among types of pretrial motions. He contends, therefore, that Judge Battey's order was unclear about whether the extended deadline for "other motions" encompassed motions to suppress. In the alternative, Trobee contends that his tardiness should be excused for good cause under Federal Rule of Criminal Procedure 12(e). Trobee asserts that he did not file a motion to suppress before the February 21 deadline "in order to retain leverage for his plea options and because of his good-faith belief that an agreement on all matters could be reached." (Appellant's Br. 16). He further suggests that his tardiness should be excused because the prosecution was not prejudiced by the delay.

We conclude that the district court did not abuse its discretion in refusing to consider Trobee's motion to suppress. The deadline of February 21 for motions to suppress set by Chief Judge Schreier was unambiguous, and her order distinguished between motions to suppress and "other motions" that were due by April 3. When

Judge Battey adopted the case in March and extended the deadline for "other motions" to June 12, it should have been clear to Trobee that this extension did not apply to motions to suppress. Judge Schreier had distinguished clearly between the two categories of motions in setting the original deadlines. Judge Battey's scheduling order used the same terminology for the category of motions that were still timely (*i.e.*, "other motions"), and it did not suggest a revision of the expired deadline for motions to suppress. February 21 remained the deadline for filing such motions, and Trobee's May 30 motion to suppress was therefore untimely.

Under Federal Rule of Criminal Procedure 12(c), when "a party fails to file a pretrial motion before [the] deadline [set by the court for the filing of pretrial motions], the party waives that issue." *Salgado-Campos*, 442 F.3d at 686. Upon a showing of "good cause," the district court "may grant relief from the waiver." Fed. R. Crim. P. 12(e). Trobee argues that the district court should have granted relief under Rule 12(e), because he had been "engaged in extensive plea negotiations" at the time of the February 21 deadline, he "did not file a suppression motion in order to retain leverage for his plea options," and the government would not have been prejudiced by a late-filed motion to suppress.

It was not an abuse of discretion for the district court to adhere to the published deadlines. Plea negotiations do not mandate an exception to court-ordered scheduling deadlines, particularly where a party allows a deadline to pass and then seeks retroactively to have it extended. Trobee did not seek an extension of the deadline before it passed on February 21, and the district court was not required in May to revisit the deadline under these circumstances. The absence of prejudice or delay in the trial may be relevant to whether the district court is willing to grant relief, but those factors themselves do not require a finding of "good cause." Courts have a legitimate interest in the enforcement of scheduling deadlines, both to manage a pending case and to retain the credibility of these deadlines in future cases. *See* Fed. R. Crim. P. 12 advisory committee's notes on 2002 amendment (stating that Rule

12(c) was amended to "make it clear that judges should be encouraged to set deadlines for motions" because "doing so promotes more efficient case management"). The possibility that other parties and the court could accommodate a late-filed motion does not mandate that the court grant an exception to the deadline where the movant fails to make an adequate showing of good cause.

Trobee also contends that it was unreasonable for the district court to order that his 120-month sentence for the instant offense be served consecutive to his 24-month sentence for violating conditions of supervised release, because the court failed to provide an adequate explanation for that decision. We conclude that Trobee waived his right to appeal this issue. In his plea agreement, Trobee waived "any right to appeal any and all motions, defenses, probable cause determinations, and objections which he has asserted or could assert to this prosecution, and to the Court's entry of judgment against him and imposition of sentence, including sentence appeals under 18 U.S.C. § 3742." (R. Doc. 32, at 6). The agreement "expressly excluded" from this waiver only Trobee's right to appeal the denial of his motion to suppress and "the district court's sentence for a determination of 'reasonableness' should the Court impose a sentence above the advisory guideline range established by the Court for the offense." *Id.*

Trobee contends that his appeal of the sentence is excluded from the appeal waiver because "the advisory guideline range established by the Court" was 78 to 97 months' imprisonment, and his sentence of 120 months is therefore "above the advisory guideline range." This is incorrect. Although Trobee's advisory guideline range would have been 78 to 97 months' imprisonment without regard to the statutory minimum penalty, the statutory sentence of 120 months' imprisonment was the advisory guideline range established by the court for Trobee's offense. The district court explained that although the advisory range applicable to Trobee's offense level and criminal history was 78 to 97 months, "there is . . . a mandatory minimum in this case which would trump the guideline finding of 78 to 97 months to adhere to the

mandatory minimum of 120 months." (S. Tr. at 3). The sentencing guidelines provide that "[w]here a statutory required minimum sentence is greater than the maximum of the applicable guideline range, the statutory required minimum sentence shall be the guideline sentence." USSG §5G1.1(b). "For those situations in which the mandatory minimum exceeds the range for the entire offense level, the 'guideline sentence' would thus be the same as the 'guideline range,' even if it involves a 'range' of only one number." *United States v. Williams*, No. 08-12475, 2008 WL 5000148, at *3 (11th Cir. Nov. 26, 2008); *see also United States v. McFarlin*, 535 F.3d 808, 810 (8th Cir. 2008) ("[B]ecause the statutory maximum was lower than the guideline range, the sentencing guideline range became sixty months."). Because Trobee's sentence was not "above the advisory guideline range established by the Court," Trobee waived his right to appeal the sentence.

The judgment of the district court is affirmed.

_____