# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2220

_____

United States of America,                      *
                                               *
    Appellee,               *
                                               * Appeal from the United States
  v.                                  * District Court for the
                                               * District of Nebraska.
Dimitar N. Trancheff,                           *
                                               * [PUBLISHED]
    Appellant.              *

_____

Submitted: December 17, 2010
Filed: February 15, 2011

_____

Before WOLLMAN, BRIGHT, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Dimitar Trancheff was convicted of possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). The district court[1] sentenced him to 188 months' imprisonment. Trancheff appeals the district court's denial of various motions. We affirm.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

On April 9, 2005, an officer stopped Trancheff after he failed to yield as the officer's vehicle merged onto the interstate. According to the officer, he had a general discussion with Trancheff and then obtained consent to search his vehicle. The officer found cocaine in the vehicle. On April 21, 2005, a grand jury charged Trancheff with possession with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1).

At Trancheff's arraignment on May 2, 2005, the district court extended the pretrial motion deadline from May 22, 2005, to June 10, 2005, and released him on conditions. On June 6, 2005, Trancheff absconded from his supervision, and the court issued an arrest warrant. Approximately four years later, Trancheff was located in Bulgaria and extradited to Nebraska. On November 25, 2009, the district court appointed new counsel for Trancheff and set January 5, 2010, as the date for trial.

On December 22, 2009, Trancheff filed a motion to extend the deadline for pretrial motions along with a motion to suppress evidence. The court denied the motion to extend the pretrial motion deadline, concluding that Trancheff had not shown good cause for an extension. The court reasoned that Trancheff's previous counsel could have filed timely pretrial motions, and Trancheff was responsible for causing the delay by absconding from his supervision. The court then denied the motion to suppress as untimely. Trancheff later filed a motion in limine to suppress evidence. The district court denied this motion, finding it also untimely. After a trial, a jury convicted Trancheff.

A district court may set a deadline for the parties to file pretrial motions. Fed. R. Crim. P. 12(c). Under Federal Rule of Criminal Procedure 12(e), if a party fails to file a pretrial motion by the deadline set by the court, the party waives that issue. *United States v. Salgado-Campos*, 442 F.3d 684, 686 (8th Cir. 2006). If a party shows good cause for the delay, the district court has discretion to excuse the waiver. *See*

Fed. R. Crim. P. 12(e). We review a court's refusal to consider an untimely pretrial motion for an abuse of discretion. *Salgado-Campos*, 442 F.3d at 686. We also review evidentiary rulings, including those on motions in limine, for an abuse of discretion. *United States v. Parish*, 606 F.3d 480, 486 (8th Cir. 2010).

Trancheff argues that the court erred by not considering his untimely motion to suppress evidence, and by denying his motion in limine seeking to suppress the evidence, because the suppression of the evidence was of "vital importance" to his defense. He further contends that by denying the motions, the court in effect deprived his attorney of the ability to represent him adequately at trial. Trancheff also suggests that the court should have granted an extension of time because Trancheff retained new counsel after returning to Nebraska.

We conclude that the district court did not abuse its discretion in refusing to extend the time for Trancheff to file pretrial motions. The desire to suppress incriminating evidence and the retention of new counsel are not by themselves sufficient to establish good cause to justify relief from a waiver of a defense, objection, or request under Rule 12. *See Salgado-Campos*, 442 F.3d at 685-86. Here, moreover, the court reasonably relied on the fact that Trancheff caused the waiver by absconding from the district for over four years. The court also did not abuse its discretion by denying Trancheff's motion in limine as untimely on the ground that it was an untimely effort to preserve issues that could have been raised in a timely motion to suppress. *See United States v. Mangine*, 302 F.3d 819, 822 (8th Cir. 2002). To the extent that Trancheff raises a claim of ineffective assistance of counsel, we decline to consider it on direct appeal. *See United States v. Hernandez*, 281 F.3d 746, 749 (8th Cir. 2002).

The judgment of the district court is affirmed.

-3-

BRIGHT, Circuit Judge, concurring.

I concur but write separately to comment on the sentence. After Trancheff serves his fifteen-year sentence, he will be deported to Bulgaria. Meanwhile, it will cost United States taxpayers around $390,000 for Trancheff's care in prison. *See United States v. Brewer*, 624 F.3d 900, 911 n.11 (8th Cir. 2010) (Bright, J., dissenting) (noting federal incarceration costs about $26,000 per year). It seems to me, we ought to deport Trancheff immediately, rather than have taxpayers feed, clothe, and shelter Trancheff for the next fifteen years. That federal money could be better spent. *See United States v. Loaiza-Sanchez*, 622 F.3d 939, 942 (8th Cir. 2010) (Bright, J., dissenting) (explaining that long sentences for those facing deportation make little sense in most cases and at a heavy cost to our government); *United States v. Chavez*, 230 F.3d 1089, 1092 (8th Cir. 2000) (Bright, J., concurring) (same).

_____