**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-4854**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

SHARITA PANKEY,

              Defendant - Appellant.

─────────────

**No. 10-4855**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

SHARITA LASHAWN PANKEY,

              Defendant - Appellant.

─────────────

Appeals from the United States District Court for the Southern
District of West Virginia, at Beckley.   Irene C. Berger,
District Judge. (5:09-cr-00240-2; 5:05-cr-00094-1)

─────────────

Submitted:  January 27, 2011         Decided:  March 3, 2011

─────────────

Before WILKINSON, SHEDD, and WYNN, Circuit Judges.

─────────────

No. 10-4854 dismissed; No. 10-4855 affirmed by unpublished per curiam opinion.

———————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  R. Booth Goodwin, II, United States Attorney, Miller Bushong, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Sharita LaShawn Pankey appeals the judgment of conviction entered after her guilty plea to one count of aiding and abetting in the distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2 (2006), and the judgment entered after the court revoked her supervised release and imposed a sentence. Pankey's sole challenge is whether the district court abused its discretion by ordering the two sentences to run consecutively. Based on the appeal waiver in the plea agreement, we dismiss Appeal No. 10-4854, while we affirm Appeal No. 10-4855.

Pankey pled guilty pursuant to a plea agreement in which she agreed to waive her right to appeal the sentence except for any preserved challenge she may have to the determination of her Sentencing Guidelines sentence.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appellate waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope thereof. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Pankey does not challenge the validity of the

3

appeal waiver. She argues that her appellate issue is not within the scope of the agreement.

We conclude that the question of whether the district court abused its discretion by ordering the sentence to run consecutively to the sentence imposed based on the revocation of supervised release is within the scope of the appeal waiver and not within the exceptions to the waiver. See United States v. Calderon-Pacheco, 564 F.3d 55, 59 (1st Cir. 2009) (a challenge to consecutive sentences "is a garden-variety claim" that is within the scope of an appeal waiver); United States v. Trobee, 551 F.3d 835, 838-39 (8th Cir. 2009). Accordingly, based on the appeal waiver, which we will enforce, we dismiss Appeal No. 10-4854.

Pankey's appeal waiver had no effect on the court's judgment revoking her supervised release and ordering a consecutive fifteen month sentence. This court will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006). In making this determination, the court first considers whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United

4

States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted).

The district court's discretion is not unlimited, however. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). For instance, the district court commits procedural error by failing to adequately explain the chosen sentence or by not providing an individualized assessment based on the facts. Gall v. United States, 552 U.S. 38, 51 (2007). Although "[a] court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, . . . it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted). The judge also must "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted).

We conclude that the district court provided sufficient reasons for the consecutive sentences and adequately addressed Pankey's arguments for concurrent sentences. Accordingly, we affirm Appeal No. 10-4855.

We dismiss Appeal No. 10-4854 and affirm Appeal No. 10-4855. We dispense with oral argument because the facts and

5

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 10-4854 <u>DISMISSED</u>
No. 10-4855 <u>AFFIRMED</u>