**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4311

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EMANUEL MANN BILLINGS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:19-cr-00190-D-1)

Submitted:  July 25, 2024                                          Decided:  August 2, 2024

Before WYNN and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Sean P. Vitrano, VITRANO LAW OFFICES, PLLC, Wake Forest, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

During a routine traffic stop on October 10, 2019, a police officer found a Taurus nine millimeter handgun in the center console of a vehicle driven by Emmanuel Mann Billings. A jury subsequently found Billings guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924. The district court sentenced Billings to 240 months' imprisonment under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). Billings timely appealed.

Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising numerous challenges to Billings' conviction and sentence, but concluding that there are no meritorious grounds for appeal. Billings filed a pro se supplemental brief challenging the constitutionality of the traffic stop.[1] Upon review of the record, we directed the parties to file supplemental briefs addressing two issues: (1) whether Billings received constitutionally deficient assistance of counsel, specifically based on Billings' first attorney's failure to file a timely suppression motion; and (2) whether the district court erred in admitting into evidence images showing Billings with a magazine, not attached to the distinctive gun he was alleged to have possessed in this case. For the following reasons, we affirm Billings' conviction, vacate his sentence, and remand for further proceedings.

Billings first contends that the district court erred in denying trial counsel leave to file an untimely motion to suppress evidence seized pursuant to the traffic stop. A motion to suppress evidence must be made by the filing deadline established by the district court,

---

[1] We have considered the issues in Billings' pro se supplemental brief and have determined that he is not entitled to relief on those claims.

2

Fed. R. Crim. P. 12(b)(3)(C), (c)(1), but that court may consider an untimely motion if the movant shows good cause to excuse the late filing, Fed. R. Crim. P. 12(c)(3).

The district court set an April 13, 2020, deadline for filing pretrial motions. Billings' original counsel did not file a motion to suppress or seek a continuance of the pretrial motions deadline. A new attorney entered an appearance in lieu of the original counsel on April 26, 2021, and sought leave to file a motion to suppress. New counsel offered no reason for the first attorney's failure to raise the suppression issue, nor did he explain why, with due diligence, the motion to suppress could not have been filed sooner. A change in counsel, by itself, does not qualify as good cause to excuse the untimely filing of a motion to suppress. *See United States v. Trancheff*, 633 F.3d 696, 698 (8th Cir. 2011) ("[T]he retention of new counsel [is] not by [itself] sufficient to establish good cause to justify relief from a waiver of a defense, objection, or request under Rule 12."); *cf. United States v. Garcia*, 528 F.3d 481, 485 (7th Cir. 2008) (finding no good cause for untimely filing of motion to compel identity of confidential informant where new counsel failed to request new motions deadline and filed motion four months after entering appearance). Under the facts of this case, we discern no error in the district court's denial of leave to file an untimely motion to suppress.

Turning to whether counsel rendered constitutionally deficient assistance by failing to file a timely suppression motion, to succeed on an ineffective assistance of counsel claim, a "defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, "the defendant must show that counsel's

3

representation fell below an objective standard of reasonableness." *Id.* at 688. To establish prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

"When a [defendant] claims ineffective assistance based on counsel's failure to file a suppression motion, we apply a refined version of the *Strickland* analysis." *United States v. Pressley*, 990 F.3d 383, 388 (4th Cir. 2021) (internal quotation marks omitted). First, as to performance, "we ask whether the unfiled motion would have had some substance." *Id.* (internal quotation marks omitted). If so, "we ask whether reasonable strategic reasons warranted not filing the motion." *Id.* "[I]n order to satisfy the prejudice prong, the movant must show (1) the suppression motion was meritorious and likely would have been granted, and (2) a reasonable probability that granting the motion would have affected the outcome of [his] trial." *United States v. Taylor*, 54 F.4th 795, 803 (4th Cir. 2022) (cleaned up).

Claims of ineffective assistance of counsel are not cognizable on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Absent this showing, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 to allow sufficient development of the record. *United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023). Because it does not conclusively appear on the record that counsel rendered ineffective assistance, we decline to consider this claim on direct appeal. Rather, Billings may, if he chooses, pursue the claim in a § 2255 motion.

4

Next, Billings questions whether the district court erred under Fed. R. Crim. P. 404(b) in admitting into evidence images of Billings that had been posted on Facebook. "We review a district court's decision to admit evidence for abuse of discretion." *United States v. Hart*, 91 F.4th 732, 742 (4th Cir. 2024). "A court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *Hicks v. Ferreyra*, 64 F.4th 156, 171 (4th Cir. 2023) (internal quotation marks omitted), *cert. denied*, 144 S. Ct. 555 (2024).

Rule 404(b) prohibits the admission into evidence of another "crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). "Such propensity evidence is excluded because it might overpersuade a jury and cause them to prejudge one with a bad general record." *United States v. Brizuela*, 962 F.3d 784, 793 (4th Cir. 2020) (internal quotation marks omitted). However, the Rule allows the admission of evidence of other acts or crimes to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Additionally, [Fed. R. Evid.] 403 demands that the evidence's probative value not be substantially outweighed by its unfair prejudice to the defendant." *United States v. Sterling*, 860 F.3d 233, 246-47 (4th Cir. 2017).

This court applies a four-factor test in evaluating whether a district court abused its discretion in admitting prior "bad act" evidence:

5

> (1) [t]he evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant[;] . . . (2) [t]he [prior bad] act must be necessary in the sense that it is probative of an essential claim or an element of the offense[;] (3) [t]he evidence must be reliable[; a]nd (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

*United States v. Cowden*, 882 F.3d 464, 472 (4th Cir. 2018) (citation omitted). "[U]nfair prejudice is not shown merely because the evidence is damaging to a defendant's case, since highly probative evidence invariably will be prejudicial to the defense." *United States v. Bell*, 901 F.3d 455, 465 (4th Cir. 2018) (cleaned up). Moreover, any prejudicial effect may be reduced by "a limiting instruction explaining the narrow purpose for which the prior 'bad act' evidence may be considered." *Cowden*, 882 F.3d at 472 (internal quotation marks omitted).

Billings' defense theory was that the handgun recovered from the SUV he was driving belonged to his cousin and that he was not aware that it was in the vehicle. Facebook images introduced at trial showed Billings with a black handgun in his waistband bearing distinctive marks like the black handgun seized from his vehicle. Other Facebook images showed Billings in the driver's seat of a vehicle with a passenger, who was not the relevant cousin, and a black handgun with the same distinctive marks on the center console. This evidence was relevant to an issue other than character, namely, to show that Billings' possession of the firearm found in his vehicle was knowing and intentional and was not due to accident or mistake. "[T]he more closely the prior act is related to the charged conduct—either in time, pattern, or state of mind—the more probative it is of the defendant's intent or knowledge in relation to the charged conduct." *United States v.*

6

*Johnson*, 617 F.3d 286, 297 (4th Cir. 2010). These images were posted on Facebook shortly before Billings' October 2019 arrest. Moreover, "the fact that [Billings] knowingly possessed a firearm in a car on a previous occasion makes it more likely that he *knowingly* did so this time as well, and not because of accident or mistake." *United States v. Jernigan*, 341 F.3d 1273, 1282 (8th Cir. 2003), *abrogated in part on other grounds by Rehaif v. United States*, 588 U.S. 225 (2019); *see also United States v. Byers*, 649 F.3d 197, 209 (4th Cir. 2011) (citing *Jernigan*).

We further conclude that any unfair prejudice arising from the Facebook images was outweighed by the probative value of the evidence. Moreover, the district court mitigated the risk of unfair prejudice with its limiting instruction. *See United States v. White*, 405 F.3d 208, 213 (4th Cir. 2005). We conclude that the district court did not abuse its discretion in allowing into evidence the images of Billings with a black handgun bearing the same distinct markings as the black handgun recovered from Billings' rental vehicle.

The district court also allowed into evidence images of Billings with a different gun and a magazine that was not attached to the distinctive firearm Billings was alleged to have possessed in this case. Billings argues that these images had little probative value and did not tend to show that he knowingly possessed the handgun recovered from his vehicle during the traffic stop.

Evidentiary rulings are reviewed for harmless error and will not be reversed so long as "we can say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *United States v. Burfoot*, 899 F.3d 326, 340 (4th Cir. 2018) (internal quotation

7

marks omitted).  As we just discussed, the evidence in this case included several pictures and a video of Billings with a black handgun with the same distinctive markings as the handgun seized from the SUV.  In some of the images, Billings had the gun tucked into his pants; in others, it was resting on the center console of a vehicle between Billings, in the driver's seat, and a passenger other than the individual the defense claimed accidentally left the gun in the SUV without Billings' knowledge.  Additionally, the arresting officer testified that when he asked Billings if he had any contraband in the vehicle, Billings admitted he had a gun and pointed to the center console where the officer subsequently recovered the handgun.[2]  Even assuming the district court erred by admitting the images with a magazine not attached to the distinctive handgun recovered from the SUV, in light of the other compelling evidence of Billings' guilt, we conclude that the judgment was not swayed by these images and that any error was harmless.

Billings also questions whether the district court erred in denying his initial and renewed motions for judgment of acquittal.  "[O]n the defendant's motion[, the district court] must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  Fed. R. Crim. P. 29(a).  "We review de novo a district court's denial of a Rule 29 motion."  *United States v. Moody*, 2 F.4th 180, 189

---

[2] Although Billings testified that he did not know the gun was in his vehicle and did not point to the center console, and Billings' cousin corroborated some of Billings' testimony, the jury apparently credited the officer's version of evidence.  *See United States v. Robinson*, 55 F.4th 390, 404 (4th Cir. 2022) (explaining that in assessing whether substantial evidence supports verdict, this court is "not entitled to assess witness credibility and must assume that the jury resolved any conflicting evidence in the prosecution's favor" (internal quotation marks omitted)).

8

(4th Cir. 2021) (internal quotation marks omitted). A conviction must be affirmed "when substantial evidence viewed in the light most favorable to the prosecution supports the verdict." *Id.* (internal quotation marks omitted). In conducting our review, "we make all reasonable inferences in favor of the [G]overnment and do not weigh evidence or credibility." *Id.* (internal quotation marks omitted). Substantial evidence "is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted). Accordingly, "[a] defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

To establish that Billings violated 18 U.S.C. § 922(g)(1), the Government had to show that Billings (1) "previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) . . . knowingly possessed . . . the firearm; and (3) the possession was in or affecting commerce, because the firearm had travelled in interstate or foreign commerce at some point during its existence." *United States v. Moye*, 454 F.3d 390, 395 (4th Cir. 2006) (en banc) (citation omitted). Additionally, the Government had to "prove both that [Billings] knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 588 U.S. at 237. Here, because the parties stipulated to the other elements, the only element in question at trial was whether Billings knowingly possessed the firearm.

9

The officer who conducted the traffic stop testified that he asked Billings if there was anything illegal in the car, such as drugs or guns, and Billings told him there was a gun and pointed to the center console. The officer found a Taurus nine millimeter handgun in the center console. The Government also presented images of Billings that had been posted on Facebook prior to Billings' October 2019 arrest, showing Billings with a handgun with the same distinctive indentation as the gun seized from Billings' vehicle.

Billings countered the Government's evidence with his own testimony that he did not tell the officer that there was a gun in the car. He further testified that the gun belonged to his cousin who, without Billings' knowledge, left it in the center console of Billings' vehicle. That cousin's testimony corroborated Billings' claims. However, "[w]e do not reweigh the evidence or the credibility of witnesses, but assume that the jury resolved all contradictions in the testimony in favor of the Government." *United States v. Ziegler*, 1 F.4th 219, 232 (4th Cir. 2021) (internal quotation marks omitted).

Viewed in the light most favorable to the Government, the evidence was sufficient to establish that Billings knowingly possessed the handgun. Thus, the district court did not err in denying the Rule 29 motion for judgment of acquittal.

Billings next argues that the district court abused its discretion in giving a jury instruction on flight as evidence of guilt. Because Billings did not object to the jury instruction at trial, our review is for plain error. *United States v. Ali*, 991 F.3d 561, 572 (4th Cir. 2021). On plain error review, Billings must establish "(1) that the court erred, (2) that the error is clear and obvious, . . . (3) that the error affected his substantial rights,"

10

and (4) that the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

"[W]hile evidence of [a defendant's] flight and failure to appear on his initial trial date must be used cautiously, our precedent allows for the jury to consider that conduct . . . as evidence of his consciousness of guilt to the underlying" charge. *United States v. Seigler*, 990 F.3d 331, 339 (4th Cir. 2021) (internal quotation marks omitted). "[T]he jury's consideration of evidence of flight requires that it be able, from the evidence, to link such flight to consciousness of guilt of the crime for which the defendant is charged." *United States v. Obi*, 239 F.3d 662, 665 (4th Cir. 2001). "To establish this causal chain, there must be evidence that the defendant fled," and the evidence must "support[] inferences that (1) the defendant's flight was the product of consciousness of guilt, and (2) his consciousness of guilt was in relation to the crime with which he was . . . charged and on which the evidence is offered." *Id.*

We have reviewed the transcript of Billings' trial and conclude that the district court's instruction fairly and accurately informed the jurors of the controlling legal principles without misleading or confusing them on this issue. The district court did not err, plainly or otherwise, in giving the flight instruction.

Billings also questions whether the district court erred in designating him an armed career criminal. Because Billings did not object to his armed career criminal designation in the district court, our review is for plain error. *See United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015) (reviewing for plain error "sentencing issue that was not properly preserved in the district court"). To demonstrate plain error, Billings "must

establish (1) an error that (2) is plain, and (3) affects his substantial rights." *United States v. Lassiter*, 96 F.4th 629, 634 (4th Cir. 2024) (internal quotation marks omitted), *petition for cert. filed*, No. 23-7568 (U.S. May 28, 2024). "[E]ven if [Billings] establishes these three elements, we cannot grant him relief unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 634 (cleaned up).

At the time Billings committed his § 922(g) offense, if he had not been designated an armed career criminal, he would have faced a maximum prison term of 10 years. 18 U.S.C. § 924(a)(2) (2018).[3] Furthermore, his offense would have been considered a Class C felony, for which he could have been required to serve up to three years of supervised release following his term of imprisonment. *See* 18 U.S.C. §§ 3559(a)(3), 3583(b)(2). Based on his status as an armed career criminal, however, Billings faced a minimum term of 15 years' imprisonment and his offense was a Class A felony, meaning he could be required to serve up to 5 years' supervised release. 18 U.S.C. §§ 924(e), 3559(a)(1), 3583(b)(1).

As relevant here, a defendant is deemed an armed career criminal for a § 922(g) conviction when he has previously been convicted of three violent felonies that were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The ACCA's force clause defines "violent felony" as "any crime punishable by imprisonment

---

[3] In 2022, § 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions. The new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. See Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The new statutory maximum does not apply to Billings, however, because his offense was committed before the amendment of the statute.

for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i).

The district court designated Billings an armed career criminal based on three 2009 North Carolina convictions for robbery with a dangerous weapon that were committed on December 6, 2007; December 23, 2007; and January 28, 2008.  Billings questions whether the December 6 and December 23 robberies were committed on different occasions for purposes of the ACCA because he was arrested on both charges on the same day and the sentences for these offenses were consolidated.

While Billings' appeal was pending, the Supreme Court handed down its decision in *Erlinger v. United States*, holding that, in order to apply an ACCA enhancement, the question of whether the ACCA predicates were committed on different occasions "must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)."  144 S. Ct. 1840, 1851 (2024).  Here, the district court erred because the court—not the jury—determined that Billings committed his predicate offenses on separate occasions. The error is plain because it is clear or obvious at the time of appellate consideration under the settled law of the Supreme Court.  *United States v. Ramirez-Castillo*, 748 F.3d 205, 215 (4th Cir. 2014).  Furthermore, the error affected Billings' substantial rights because it increased his sentence—both his prison term and his supervised release term—beyond the statutory maximum sentence that could be imposed without the ACCA enhancement.  We further conclude the error—which resulted in a prison term twice as long as the maximum sentence Billings could have received without the armed career criminal designation— seriously affected the fairness, integrity, or public reputation of judicial proceedings.  *Cf.*

13

*United States v. Maxwell*, 285 F.3d 336, 341-43 (4th Cir. 2002) (holding that imposition of supervised release revocation sentence above statutory maximum for single count of conviction was plain error warranting correction). Thus, Billings' sentence is plainly erroneous and must be vacated.[4]

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal. We therefore affirm Billings' conviction, vacate his sentence, and remand for resentencing.

This court requires that counsel inform Billings, in writing, of the right to petition the Supreme Court of the United States for further review. If Billings requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Billings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,<br>
VACATED IN PART,<br>
AND REMANDED

---

[4] Because Billings' sentence must be vacated, we need not address Billings' challenge to the reasonableness of his sentence. Additionally, although we need not address the consistency of the written judgment with the oral pronouncement of Billings' now-vacated sentence, we emphasize that, on resentencing, the district court must ensure that the written judgment, including any conditions of supervised release, conforms to its oral pronouncement of Billings' sentence. *United States v. Morse*, 344 F.2d 27, 29-30 n.1 (4th Cir. 1965).