# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2336
_____

United States of America

*Plaintiff - Appellee*

v.

Dawn Eagle Feather Floyd

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Central

_____

Submitted: June 11, 2025
Filed: June 16, 2025
[Unpublished]

_____

Before LOKEN, GRUENDER, and STRAS, Circuit Judges.

_____

PER CURIAM.

Dawn Eagle Feather Floyd appeals from the judgment of the district court[1] entered upon a jury verdict finding her guilty of drug offenses. In counseled and pro

_____

[1]The Honorable Roberto Lange, Chief Judge, United States District Court for the District of South Dakota.

se briefs, Floyd challenges the denial of her motions to suppress and the tribal search warrant that was the basis of her suppression motions. Floyd's pro se brief also raises issues of judicial bias, prosecutorial misconduct, and ineffective assistance of counsel.

After careful review, we conclude that the district court did not err in denying Floyd's motions to suppress. The motions were untimely. *See* Fed. R. Crim. P. 12(b)(3), (e); *United States v. Trancheff*, 633 F.3d 696, 697-98 (8th Cir. 2011) (noting that desire to suppress incriminating evidence and retention of new counsel are insufficient bases to establish good cause to excuse untimeliness). In any event, the court correctly concluded that Floyd lacked standing under the Fourth Amendment to challenge the warrant, and law enforcement officers had independent probable cause to search Floyd's vehicle based on the totality of the circumstances. *See United States v. Donnelly*, 475 F.3d 946, 951 (8th Cir. 2007) (standard of review; explaining that this court will affirm the denial of a suppression motion unless it finds that the decision is unsupported by evidence or is based on an erroneous view of the law; or if the court is left with a firm conviction that a mistake has been made); *see also United States v. Crawford*, 93 F.4th 436, 440 (8th Cir. 2024) (stating that, to determine whether probable cause existed to search a vehicle, this court considers "the facts and circumstances known by the police when they began the search, or the totality of the circumstances"); *United States v. Wright*, 844 F.3d 759, 762 (8th Cir. 2016) (concluding defendant could not assert Fourth Amendments rights of another).

Turning to the remainder of Floyd's pro se arguments, we first conclude that the record does not support a judicial bias claim. *See Bannister v. Delo*, 100 F.3d 610, 614 (8th Cir. 1996) (stating that the presiding judge is presumed impartial and a party bears the substantial burden of proving otherwise). Second, despite years of pretrial proceedings and ample opportunities to litigate the assertions, Floyd's accusations of government misconduct also lack any support in the record. *See United States v. Clayton*, 787 F.3d 929, 933 (8th Cir. 2015) (explaining that claim of

prosecutorial misconduct requires a showing that the government's conduct was improper and affected the defendant's substantial rights so as to deprive him of a fair trial). Last, to the extent Floyd wishes to challenge her attorneys' effectiveness, "[t]he proper procedural mechanism for such a claim is a motion under 28 U.S.C. § 2255." *See United States v. Payton*, 168 F.3d 1103, 1105 n.2 (8th Cir. 1999); *see also United States v. Briggs*, 820 F.3d 917, 920 (8th Cir. 2016) (stating that "[i]neffective assistance of counsel is usually best litigated in collateral proceedings" where the record can be properly developed).

Following our independent review of the record under *Penson v. Ohio*, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the district court and grant counsel's motion to withdraw.

_____